Rolfe vs. Rolfe.

No. 19.—R. W. Rolfe, plaintiff in error, vs. Lucius Rolfe, defendant in error.

[1.] The admissions of a party, which are to be inferred from his *acquiescence* in the *verbal statements of others*, made in his presence, ought to be regarded with great caution, unless the evidence be of such direct declarations, and of that kind which naturally call for a *contradiction*, or some assertions made to *the party* with respect to his right, which by his silence, he acquiesces in, it ought not to be received at all.

[2.] When, in the progress of a trial, the cause suffers injustice from the *honest mistake* of the party, or his counsel, in omitting to offer in evidence the account book of one of the parties, which had already been made competent by the necessary evidence, and which was material, a new trial will be granted.

[3.] But the Court will not relieve the party from the consequences of *mere ignorance, inadvertence, or neglect*, by granting a new trial.

Assumpsit, &c. in Talbot Superior Court.   Tried before Judge Iverson, March Term, 1851.

This was an action of assumpsit, &c. brought by Lucius Rolfe against Richard W. Rolfe, upon an account for services rendered as a clerk and a miller.   Defendant pleaded " accord and satisfaction " and " set-off."

In the progress of the trial, defendant introduced Jackson Fields as a witness, and proved that in July, 1849, plaintiff told him (witness) that he " had just got a note from defendant ; said nothing as to its consideration, nor about a settlement; said something about having sold defendant a mare." In the same conversation, said " if defendant would pay him what he owed him, he could carry on his business without borrowing money." To the latter portion of this evidence, drawn out on cross-examination, defendant objected, on the ground that although spoken at the same time, it was not a part of the same conversation. The Court overruled the objection, and this is assigned as error.

Defendant offered in evidence, his own book of accounts, having made affidavit that the book then offered was his original

Rolfe vs. Rolfe.

book of entries; that he kept no clerk except plaintiff, and that the entries in the account of plaintiff are in the handwriting of plaintiff himself, except four items in the handwriting of defendant; and having proved by one customer that he kept correct books, plaintiff objected, on the ground that it was not competent for defendant to prove in whose handwriting the entries were. The books were rejected by the Court at that time, and defendant excepted.

Subsequently, defendant proved by Alexander Rolfe, the facts as above stated, as to the items in defendant's account being in handwriting of plaintiff, and that plaintiff admitted to witness that the account was correct. Defendant's counsel, in his argument to the Jury, was commenting upon the books, when he was stopped by plaintiff's counsel, on the ground that the books had not been given in evidence—counsel differing as to the facts, the Court decided that the books had not been tendered in evidence. Defendant's counsel then asked permission to give the books in evidence at that time—stating in their place, that at the time they announced the evidence closed, and up to the time of the decision of the Court, they fully believed that said book had been given in evidence. The Court overruled the motion, and this is assigned as error.

Defendant's counsel then moved that the cause be continued, on the ground of the mistake and surprise. The Court overruled this motion, and this is assigned as error.

Defendant's counsel afterwards moved for a new trial, on the ground of error in the Court, in the above stated decisions, and at that time filed their several affidavits to the facts stated in their place, and that the mistake or failure to read, arose from the loose practice of counsel in such matters, to waive the actual reading of the books in evidence.

The Court refused a new trial, and this also, is assigned as error.

In the progress of the case, one Alexander Rolfe was introduced by plaintiff, to explain a receipt in full, given by plaintiff to defendant, who stated, among other things, that at the time the receipt was given, " witness remarked in the hearing of both

parties to plaintiff, that he was a fool for giving such a receipt. The remark was made in an audible voice, not ten feet from the parties, and defendant might have heard it, if he paid attention." The defendant objected to this evidence, on the ground that it was irrelevant and illegal, being witness' own statement, and not replied to by defendant. The Court overruled the objection, and this also, is assigned as error.

L. B. SMITH and B. HILL, for plaintiff in error.

B. H. WORRILL, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

The first objection to the decision of the Court below, is the admission of the latter part of the testimony of Jackson Fields, a witness introduced by defendant, to prove the declarations of plaintiff, who, on his cross-examination stated, that "if the defendant would pay him what he owed him, he could carry on his business without borrowing money." This was a part of the *same conversation*, as that to which the witness testified on his direct examination, and we think it was properly admitted in evidence, on that ground.

With regard to the objection, that the defendant was not competent to prove by his own oath, that the entries made in his book of accounts were in the handwriting of the plaintiff, who was the defendant's clerk at the time the entries were made, we find no error in the ruling of the Court upon that point; the books of the defendant, however, were made competent testimony, by the subsequent examination of Alexander Rolfe, who proved that the items objected to, were in the handwriting of the plaintiff, and that plaintiff had admitted that the account was correct.

[1.] The next objection to the admissibility of evidence upon the trial is, as to the remark made by the witness, Alexander Rolfe, when the receipt was given. The witness testifies, that he " remarked in the hearing of both parties, to plaintiff, that he

was a fool for giving such a receipt." The remark was made in an audible voice, not ten feet from the parties, and defendant might have heard it, if he paid attention. The maxim is, in regard to admissions inferred from *acquiescence in the verbal statements of others, qui tacet consentire videtur*, and is to be applied with careful discrimination. Nothing, it is said, can be more dangerous than this kind of evidence. It should always be received with caution, and never ought to be received at all, unless the evidence is of direct declarations of that kind which naturally calls for *contradiction;* some assertion made to *the party* with respect to *his right*, which, by his silence, he acquiesces in. 1 *Greenleaf's Ev.* §§199, 197. Here, the remark was not made to *the party* sought to be affected by it, but to his *adversary*, and in regard to what the *plaintiff had done*, not what the *defendant had done;* besides, it is not by any means certain, that the defendant heard the remark, and if he did, it was not such as would seem to have required from him any reply or *consideration*—therefore, we are of the opinion, that so much of the testimony of the witness as relates to his declaration to the plaintiff, "that he was a fool for giving such a receipt," was improperly admitted as against the defendant, in view of the facts of this case.

[2.] The main ground of error insisted on by the plaintiff is, the refusal of the Court below to admit in evidence the account book of the defendant, on the trial of the case, under the circumstances stated in the record; and also, the refusal of the Court to grant a new trial on account of such refusal, upon the showing made for that purpose. We are of the opinion the defendant's book of accounts ought to have been admitted in evidence at the trial, in furtherance of justice, inasmuch as the same was material for his defence, the items therein duly proved, and by a clear *mistake*, was omitted to have been read to the Jury at the proper time. *Browning vs. Huff*, 2 *Bailey's Rep.* 178. As the facts are more fully stated in the application for a new trial, we will consider the question, as made on that application. Levi B. Smith, Esq. who was counsel for the defendant, swears in his affidavit, that " after the amount against said Lucius Rolfe, in the book of defendant, was proved by Alexander Rolfe,

deponent fully intended to offer said book in evidence to the Jury, and *believed he had done so*, and that plaintiff's counsel had waived the reading of the same, as is usually the practice in the Court, and the failure to do so (if there was such failure) was a *mistake* and *oversight* of deponent, and that he *confidently believed the same had been offered, and the reading waived*, until advised thereof by the Court, in the opening argument of said cause before the Jury, in behalf of said defendant."

Another affidavit, made by Barnard Hill, Esq. associate counsel in the cause, was filed, which is to the same purpose as the foregoing, and equally pointed as to the *misapprehension and mistake of the parties*. When, in the progress of a trial, the cause suffers injustice from the *honest mistake of the party or his counsel*, relief will be extended by granting a new trial. *Graham on New Trials*, 180. *D'Agrilan vs. Tobin*, 4 *English Com. Law R.* 363. *Wilson vs. Brandon & Shannon*, 8 *Geo. R.* 136.

[3.] But the Court will not relieve the party from the consequences of mere ignorance, inadvertence, or neglect, by granting a new trial. *Graham on New Trials*, 187. We are bound to consider, that the omission to introduce the defendant's book of accounts in evidence on the trial, was an *honest mistake* of the counsel, inasmuch as they have so stated in their respective affidavits; and the facts connected with the trial, as appear from the record, corroborate that statement. Let the judgment of the Court below be reversed, and a new trial granted.