## VALENTINO *vs.* WEIL & COMPANY.

1. The verdict is supported by the evidence.
2. Where one had been claiming property for more than twenty-five years under two deeds which showed on their faces her interest, and for more than eight years under a sheriff's deed for taxes, the fact that she stated her interest or claim differently from what the deeds indicated it to be, on the trial of a claim case, and that her attention was not called thereto by her counsel, is not such a mistake of fact as will require a new trial in her favor.

New Trial. Mistake. Levy and Sale. Title. Before Judge HILLYER. Fulton Superior Court. April Term, 1881.

To the report contained in the decision it is only necessary to add the following:

In response to a notice served upon the claimant by plaintiffs in *fi. fa.*, claimant produced a deed from N. L. Angier to Thomas S. Daniel, trustee for Mrs. Catherine Valentino and her children, also a deed from N. L. Angier to A. W. Hammond, trustee for Catherine Valentino for life, with remainder to her children, which deeds were introduced in evidence by plaintiffs. The first of these deeds conveyed to Thomas S. Daniel, trustee as aforesaid, for the use and benefit of the said Catherine Valentino and her children, their heirs and assigns, "all that tract or parcel of land situate, lying and being in the city of Atlanta, county and state aforesaid, known and distinguished in the plan of said city as part of lots Nos. 3 and 4, in block No. 5, commencing at the northeast corner of lot 4 in block 5 ; the same being the southeast corner of lot 3, in said block, fronting on Whitehall street ; running from said point 27 feet, on said street, toward the railroad, in a northerly direction, and running back westwardly from each of said two points, on said street, 200 feet at right angles to said street, maintaining an equal width of 27 feet at all points ; the same being

the southern part of said lot 3, in said block 5, and lying between the stores now owned by William Markham and W. & E. Lawshe, and again commencing on the line dividing lots 3 and 4, in said block, at a point on said line 80 feet from Whitehall street and running on said line 56 feet and 7 inches, and extending from said two points on said line, at right angles to said line, into lot No. 4, of said block 5, 7 feet, maintaining an equal width of 7 feet the said length of 56 feet and 7 inches," in trust for the sole, proper and exclusive use, benefit and behoof of the said Catherine Valentino and her children, and for the use, benefit and behoof of no other persons whatsoever."

The second of said deeds conveyed to Amos W. Hammond in trust, as hereinafter mentioned, * * * * "all that lot, * * * commencing at a point between city lots Nos. 3 and 5, in block 5, 65 feet south of the center of block 5 ; running thence westerly, parallel with Hunter street, 28 feet; thence southerly, parallel with Whitehall street, 12 feet; thence at right angles easterly, parallel with Hunter street 38 feet ; thence northerly, parallel with Whitehall street, 42 feet, near the southwest corner of Clark & Grubb's warehouse ; thence at right angles westerly to the starting point, excepting a piece out of the northeast corner 10x15 feet, in case a street should ever be opened in a direct line with Bridge street to Hunter street. * * * * To have and to hold the said tract or parcel of land unto the said Hammond in trust for Catherine Valentino, the wife of the said Louis, and her children now born and such as may be born during the life of the said Catherine, and at her death remainder over to her said children then living, and to her and their sole and separate use."

The 4th ground of claimant's motion for new trial was as follows :

Because the testimony of the claimant, Mrs. Valentino, that she did not claim Gabe Valentino's one-eighth was

based upon an honest mistake on the part of said witness as to her interest in the property conveyed by the trust deed to Daniel; she believing, at the time, that under said deed she had a life estate in the whole property therein conveyed, and that her son Gabe and the remainder of her children had no interest in said property until after her death, and that the purchase of the said Steadman, before referred to, was of the whole property for the taxes due thereon.

In support of which ground claimant submitted an affidavit setting out substantially the same facts as are stated in the motion.

COLLIER & COLLIER, for plaintiff in error.

HOPKINS & GLENN, for defendants.

CRAWFORD, Justice.

A *fi. fa.* in favor of Leon Weil & Co. against Steadman & Kries was levied upon the life estate of Mrs. Valentino and one-eighth interest of G. Valentino in a certain lot in the city of Atlanta, as the property of Steadman.

Mrs. Valentino claimed the property, and, upon the trial of the claim, it was found subject to the execution. She moved for a new trial, which was refused, and she excepted.

The grounds of the motion were based on the want of evidence to support the verdict; that the jury found contrary to the charge of the court, and because of an honest mistake made by her in giving in her testimony.

1. The facts of the case as disclosed by the record are, that in August, 1872, the interest of Mrs. Valentino and her son G. Valentino in this property was sold under a *fi. fa.* against them, and bought by Steadman, the defendant in this execution, and who was the son-in-law of Mrs. Valentino. He took the usual sheriff's deed to the property. In October thereafter judgment was obtained

against Steadman & Kries, and the execution from this judgment was levied on the property. Mrs. Steadman, wife of the defendant, and to whom he had made a deed, filed a claim to the property. When the case was called for trial she withdrew her claim, and then Mrs. Valentino interposed another, and that which brings the case to this court.

Upon the trial she testified that she furnished the money to Steadman with which to pay for the property when it was sold as hers and her son's, and gave him no authority to take the deed to himself. That she had always claimed the property under the deed made by Daniel, and under no other, and never claimed the interest of her son therein. Steadman also testified that she gave him the money to buy the property, and that the making of the deed to him was a mistake of his lawyer. Under the Daniel deed the property therein conveyed was to Mrs. Valentino and her children, and her testimony shows that she had seven.

With the foregoing evidence before the jury, were they authorized to find the property subject? The title thereto was unquestionably in Steadman at the date of the judgment. But it is said that it was there by mistake. The failure to correct it through many years, the making a deed to his wife, her affidavit that the property was hers, the dismissing the claim, the mother following with hers, the failure to call the lawyer as a witness, known to be a practicing attorney of the court, and these transactions all occurring between close relations, doubtless satisfied the jury that they were not *bona fide*, and hence the verdict.

As to its being contrary to the charge of the court, that depended entirely upon whether they believed the evidence—the charge being that if they did believe it, then Steadman would be only a trustee holding the title for Mrs. Valentino, and it would not be subject. Jurors are sworn to give a true verdict according to law and the opinion they entertain of the evidence produced.

2. The last ground in the motion for a new trial rests upon the fact, that the claimant made an honest mistake as to her interest in the property when she was giving in her testimony as to her interest in the property conveyed by the Daniel deed. The question here made, when analyzed, means, that on the trial of the case she thought that she held a life estate in the property with remainder over to her children, and that the purchase of Steadman referred to the whole property as sold for taxes, whereas the deeds to Daniel and Steadman showed what was conveyed in each. When it is remembered that she had held the property under the Daniel deed for nearly twenty-five years, and the sale to Steadman was made in August, 1872, and that her counsel heard her testimony given in on the trial without calling her attention thereto, that it does not fall within that class of mistakes to which relief will be extended by granting a new trial, but rather under that class in which the court will not relieve a party from the consequences of mere ignorance, inadvertence or neglect by granting a new trial. Graham on New Trials, 187; 10 *Ga.*, 147.

Judgment affirmed.