21170. HILL v. GUEST *et al.*

Argued February 14, 1961—Decided March 9, 1961.

*C. O. Baker*, for plaintiff in error.

*Joseph J. Gaines, James Barrow*, contra.

MOBLEY, Justice. 1. In his brief counsel for the plaintiff argues only the general demurrers to both answers and the

special demurrer to paragraph 21 of the answer filed by Mrs. Guest in her individual capacity. The remaining demurrers, which are all directed to specified paragraphs or portions of paragraphs of the answers, will be considered as abandoned.

The first sentence of said paragraph 21 of the answer reads as follows: "This defendant shows that petitioner is not entitled to any relief in a court of equity for the reason that he is asking this court to cancel and annul a contract and instruments executed pursuant thereto which he procured through fraudulent misrepresentations made by him to Larie Hill and which were made for the express purpose of deceiving her as to the value of their joint property." The plaintiff demurred to said sentence, as follows: "Petitioner demurs to the first sentence of paragraph twenty-one on ground that nowhere in the petition does petitioner seek an equitable cancellation of said contract, but asks only for a declaration of his right of title which was revested in him by operation of law upon the petitioner's reconciliation with Larie Hill."

While the plaintiff does not specifically pray for a cancellation of the property agreement of July 19, 1957, he does pray that one of the deeds executed pursuant to said agreement be delivered up and canceled. The demurrer was not directed to only the allegations respecting the property agreement, but was directed to the sentence as a whole, and since the sentence demurred to alleges that the plaintiff seeks to annul and cancel both the agreement *and instruments executed pursuant* thereto, it was not error to overrule this ground of demurrer. The plaintiff demurred to the remaining allegations of paragraph 21 on the ground that they were immaterial and highly prejudicial. Said allegations amplify by statements of fact the defendant's contentions respecting the fraud allegedly practiced on the deceased wife in obtaining the property agreement, and are material to such issue. It was not error to overrule the demurrer to paragraph 21 of the answer.

2. The defendant, by her answers, alleged in substance: that the property agreement was obtained by fraud, in that, at the time of its execution, the plaintiff falsely represented to his wife that it encompassed all of the plaintiff's property, when in

fact the plaintiff had concealed a portion of his property from his wife; that the plaintiff, in his petition for divorce filed against his wife, admitted and relied upon the fact that the parties had entered into a property-settlement agreement, and, because of such admission in judicio, he is estopped to deny the validity of said agreement; and that the alleged reconciliation and cohabitation relied upon by the plaintiff as annulling the property agreement were not entered into in good faith by the plaintiff, and he had no intention of trying to save the marriage by said reconciliation.

While, under *Code* § 30-217, a voluntary cohabitation of the parties will annul a prior agreement for alimony, the reconciliation and cohabitation relied upon by the husband must have been entered into by him in good faith and not as a scheme merely to avoid payment of alimony. See *Powell v. Powell,* 196 Ga. 694, 700 (27 S. E. 2d 393). The allegations of the answers state sufficient facts which, if proved, would authorize a jury to conclude that the alleged cohabitation relied upon by the plaintiff was not entered into in good faith and hence that the property agreement of July 19, 1957, was not annulled and set aside by such cohabitation. It was not error to overrule the general demurrers to the answers of the defendant.

3. Special ground 1 of the motion for new trial excepts to the admission of certain evidence elicited from the plaintiff on cross-examination, to the effect that he had been having dates with other women both while he and his wife were living together and after they separated. As the question of a fraudulent reconciliation was raised by the answers, this testimony was clearly relevant to that issue and was properly admitted. This special ground is without merit.

4. It was not error to overrule special ground 2 of the motion for new trial, objecting to the admission by the defendant of a bill charged to Mrs. Larie W. Hill from Athens General Hospital, covering expenses incurred while she was hospitalized from November 4, 1957, to November 16, 1957, undergoing an operation. There was evidence that the plaintiff never contacted his wife after leaving her on October 7, 1957, and that the bill in question and other expenses were paid out of the wife's funds.

The evidence objected to was properly admitted for consideration by the jury on the question of whether the reconciliation was entered into in good faith by the plaintiff.

5. Special ground 3, objecting to the admission of testimony set forth therein, is too vague and indefinite to raise any question for decision by this court, since it cannot be determined what evidence was objected to, and at least part of the evidence set out in this ground was clearly admissible. *Ray v. Camp*, 110 Ga. 818 (3) (36 S. E. 242).

6. Special ground 4 contends that there was no evidence that the plaintiff did not enter into a reconciliation with his wife in good faith, and this ground will be treated in passing upon the general grounds of the motion for new trial.

7. Special ground 5 excepts to the following charge of the court: "I charge you further that a husband who was guilty of associating with another woman induced his wife to return to him by promising that he would reform and would have nothing more to do with another woman, but he did not intend to and did not in fact live up to his promises, he committed a fraud on his wife, if you believe it to be true, and the reconciliation which he thus induced, if you so believe he did, would not annul a separation agreement executed before the reconciliation." The exception to the charge is that it was confusing and misleading to the jury and that there was no evidence that the plaintiff induced his wife to return to him by making any promises to her or that he did not intend to live with her again in good faith. There is evidence in the record showing that the plaintiff had been dating other women, and that he had told his wife he was sorry for the things he had done and that he was through with such things, and that on such a basis he and his wife were going back together. The charge excepted to was adjusted to the evidence, and was not error for any reasons assigned. This ground is without merit.

8. Special ground 6 excepts to the following charge: "A contract of separation is deemed annulled, avoided and rescinded, at least as to future or executory provisions, by a reconciliation and resumption of marital duties, even if such resumption is only for a brief time." The exception is that there were no

pleadings or evidence as to future or executory provisions, and that the charge in effect instructed the jury that, if the conveyances of the real and personal property had been already performed, the plaintiff could not recover it even if he renewed cohabitation in good faith with his wife.

While there was no evidence as to executory promises respecting the property agreement, this ground fails to show that the charge as given was harmful to the plaintiff. The charge is not subject to the interpretation sought to be placed upon it in this special ground. The court elsewhere in its charge fully instructed the jury that, if they found there was a reconciliation in good faith by the husband and wife, the provisions previously made for permanent alimony in the separation agreement would be set aside; that the question for the jury to decide was whether or not the reconciliation and renewed cohabitation by the plaintiff and his deceased wife was done in good faith by the plaintiff; and that, if they found that the plaintiff went back to his wife in good faith, they should render a verdict for the plaintiff. This ground is without merit.

9. Special ground 7, complaining that the court "erred in not charging the jury concerning the law of estoppel," is too vague and indefinite to present any question for decision by this court. *Daniel v. Ethridge*, 198 Ga. 191 (12) (31 S. E. 2d 181); *Elliott v. Robinson*, 198 Ga. 811 (5) (33 S. E. 2d 95).

10. As to the general grounds, there is evidence that the plaintiff and his wife separated for several months; that, during the separation and prior thereto, the plaintiff had been dating other women, and one woman in particular; that he and his wife went back together about September 21, 1957, and stayed together until about October 7, 1957; that, in achieving the reconciliation, the plaintiff stated that he was sorry for what he had done and that he had been a fool and he was through with his past actions; that, a few days before leaving his wife permanently, the plaintiff drew out $9,000 from a bank in South Carolina where he had an account; that, when they separated, the plaintiff went to Raleigh, North Carolina, during October of 1957, where he began living in the same boarding house as the woman he had been dating before he and his wife had gone

back together; that the plaintiff filed a divorce suit against his wife on December 3, 1957; that on December 23, 1957, he wrote a letter to his wife's brother-in-law, asking him to deliver a message to the plaintiff's wife to the effect that she should stop wasting her money fighting a divorce, and that he would get one any way and did not want to see her ever again; that the plaintiff's wife committed suicide on April 3, 1958; that, on April 26, 1958, he married the other woman he had been dating and knew at that time of his wife's death; and that the plaintiff's wife was devoted to him and did not want their marriage to be dissolved.

Based upon the evidence contained in the record, this court cannot hold as a matter of law that the verdict of the jury was not authorized. The general grounds of the motion for new trial are without merit.

*Judgment affirmed. All the Justices concur.*