S00A0803. KEPHART v. KEPHART.
(536 SE2d 504)

CARLEY, Justice.

Appellant Walter Kephart (Father) brought suit, alleging that appellee David Kephart (Son) held certain real property in constructive trust for Father. Previously, Father and his ex-wife conveyed the tract of land to Son by warranty deed. According to Father, however, he transferred title pursuant to an oral understanding that Son would "hold" it only until such time as Father resolved his alcohol problem. According to Son, the conveyance of the property was an unconditional gift. The trial court heard the case without a jury. After conducting the bench trial, the trial court found that Father failed to carry the burden of proof, and entered judgment for Son.

---

[6] See OCGA § 29-5-7 (f).
[7] *Wood v. Lane*, 102 Ga. 199, 201 (29 SE 180) (1897).
[8] See *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419 (249 SE2d 224) (1978).

Father brings this pro se appeal from that judgment.

1. In his first enumeration of error, Father asserts only that the case "was not heard" as an action to enforce a constructive trust. However, the trial court's order recites that Father "claims the conveyance was an oral trust which this Court should enforce as a constructive trust" and further states that Father "has the burden of proving a constructive trust." Thus, it clearly appears that the trial court conducted the case as an action in which Father sought enforcement of a constructive trust against Son.

2. Father moved for a continuance when two of his subpoenaed witnesses did not appear. The trial court correctly denied the motion, because the subpoenas were not properly served or returned. *Fowler v. State*, 195 Ga. App. 874 (2) (395 SE2d 33) (1990).

3. Father seemingly contends that the case was prejudged, citing the trial court's failure to use words like "apparently" during the course of the proceeding. However, the trial judge heard the case without a jury and, thus, would not need to use the same qualified and circumspect language as he would in the context of a jury trial.

4. Father maintains that the trial court erred in failing to give him the "benefit of doubt" as to whether he or Son was responsible for satisfaction of a debt secured by a security deed formerly covering the property. In determining whether Father carried his burden of proof, the trial court was not required to give him the benefit of any doubt, but was free to make its own determination as to credibility. The evidence authorized the finding that the debt was satisfied pursuant to Son's efforts, and did not demand a contrary finding in Father's favor on this issue.

5. Father contends that he was prejudiced by the trial court's consideration of evidence of his use of alcohol. The evidence was adduced by Father himself, who had alleged in his complaint that he conveyed the property only "until he completed a course of treatment for alcoholism." As his quitting drinking was the predicate for the very constructive trust he sought to enforce, Father cannot complain that the trial court considered evidence that was relevant to that contention.

6. Two witnesses testified that Father told them that he deeded the property only for Son "to hold." The trial court correctly held that this testimony was not probative of Son's admission of the truthfulness of the matter asserted in the statements, as he was not present when Father made them. OCGA § 24-3-36; *Rolfe v. Rolfe*, 10 Ga. 143 (1) (1851). Father further contends that the testimony was admissible to bolster his own in-court testimony. See *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). The trial court did not reject consideration of the evidence for that purpose, but simply held that, even if *Cuzzort* applied, the statements would not be decisive on "the

ultimate issue of which party's version is true."

As the trial court noted, there is some question whether *Cuzzort* has any applicability here. The out-of-court comments attributed to Father are clearly the self-serving declarations of a party to a civil proceeding, whereas the alleged victim who utters non-self-serving statements inculpatory of the accused is not a party to a criminal proceeding. Compare *Cuzzort v. State*, supra. Generally, such declarations as are at issue here are inadmissible, unless they were made in the presence of the other party or as part of the res gestae. *Rabun v. Wynn*, 209 Ga. 80, 81 (4) (70 SE2d 745) (1952). Such is not the case with Father's statements. However, even assuming that the statements were admissible in this case pursuant to *Cuzzort*, the trial court, as the finder of fact, was not required to give them any more credence than Father's trial testimony which they purported to bolster. The trial court declined to credit the hearsay testimony as bolstering evidence, and it did not commit reversible error in so doing.

7. Although Father urges that Son's testimony was untruthful and contradictory, the trial court, having heard all of the evidence, determined that Father failed to meet his burden of proving the existence of a constructive trust. This Court will accept that finding in accordance with the "any evidence" rule.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2000 —
RECONSIDERATION DENIED OCTOBER 20, 2000.

Walter H. Kephart, *pro se.*
David H. Kephart, *pro se.*