S05F1376. FULLER v. FULLER.
(621 SE2d 419)

CARLEY, Justice.

Roger Lee Fuller (Husband) brought this divorce action against Patricia Jennings Fuller (Wife). A temporary order was entered, and Wife subsequently moved that Husband be held in contempt of that order. The case was tried, and the trial court entered a final divorce judgment and an order denying the contempt motion. Thereafter, the trial court denied a motion for new trial, and Wife applied for a discretionary appeal. Pursuant to our Pilot Project in divorce cases, we granted the application because we concluded that it was not frivolous.

1. After trial, each party submitted proposed orders. On motion for new trial, Wife complained that the trial court apparently adopted Husband's proposed orders verbatim. Because the proposals were not

in the record, Wife requested some clarification from the trial court at the end of the hearing on the motion for new trial. The trial court explained that, rather than adopt Husband's proposed orders verbatim, it had reviewed both parties' submissions and instructed Husband's counsel to make certain changes in his, basically to include provisions which Wife's attorney had requested in her proposal. On appeal, Wife contends that the trial court erred by engaging in an ex parte conversation with Husband's lawyer and entering its orders pursuant to that communication.

Even when a trial court adopts a proposed order verbatim, the findings of fact therein are those of the court and may be reversed only if they are clearly erroneous. *Anderson v. City of Bessemer City*, 470 U. S. 564, 572 (II) (105 SC 1504, 84 LE2d 518) (1985); *Jefferson v. Zant*, 263 Ga. 316, 317 (1) (431 SE2d 110) (1993). The initial submission of proposed orders in this case clearly was not reversible error, especially since both parties participated, their attorneys had not previously been informed of the trial court's decision, and the orders were not adopted verbatim. See *Anderson v. City of Bessemer City*, supra; *Jefferson v. Zant*, supra.

"Judges may request a party to submit proposed findings of fact and conclusions of law, so long as the other parties are apprised of the request and are given an opportunity to respond to the proposed findings and conclusions." Commentary to Code of Judicial Conduct, Canon 3 B (7). See also *Cagle v. Davis*, 236 Ga. App. 657, 662 (4) (a) (513 SE2d 16) (1999). If, however, such a request and the resulting proposal are made ex parte, they violate Canon 3 B (7), Uniform Superior Court Rule 4.1, and Rule 3.5 (b) of the Georgia Rules of Professional Conduct as found in State Bar Rule 4-102 (d), and create a potential for abuse. *In re Colony Square Co.*, 819 F2d 272, 276 (II) (11th Cir. 1987). Compare *Cagle v. Davis*, supra at 661 (4) (a). Thus, the communications between the trial court and Husband's lawyer for the purpose of revising the proposed orders may constitute technical violations of these rules.

However, even if those communications were prohibited due to their ex parte nature, they did not harm Wife because the trial court had already made its decision and it simply directed that the orders be revised so as to include certain provisions beneficial to Wife. See *Grafton v. Turner*, 227 Ga. 809, 813 (1) (183 SE2d 458) (1971). Orders prepared ex parte do not violate due process and should not be vacated unless "a party can demonstrate that the process by which the judge arrived at them was fundamentally unfair. [Cits.]" *In re Colony Square*, supra at 276 (III). Here, the trial court did not abdicate its adjudicative function, but rather played an active and independent role when it considered the proposals of both parties, reached a decision to use primarily the orders prepared on behalf of

Husband, and directed the inclusion of provisions requested by Wife. *In re Colony Square*, supra. Wife has had a full opportunity to present her arguments in the trial court and on appellate review. *In re Colony Square*, supra at 277 (III). Accordingly, the trial court "in this case does not appear to have uncritically accepted findings prepared without judicial guidance by the prevailing party." *Anderson v. City of Bessemer City*, supra at 572 (II).

2. Wife urges that the trial court erred in refusing to enforce the temporary order, in particular by condoning Husband's failure to pay $10,000 to Wife as required therein. In its order denying the contempt motion, the trial court found that Wife converted to her own use two checks sent to Husband in the total amount of $7,636.50, and that she increased the parties' equity line to $5,000 without Husband's consent, withdrew that amount, and has not accounted for the funds. The trial court concluded that Wife "through 'self help' has received the $10,000.00 as authorized under the Temporary Order."

The temporary order could "be enforced . . . by attachment for contempt." OCGA § 19-6-3 (d). In a contempt proceeding, generally "a spouse obligated to pay support is not entitled to a set off. [Cits.] However, equitable considerations can apply to permit set offs. [Cits.]" *Baer v. Baer*, 263 Ga. 574, 575-576 (2) (436 SE2d 6) (1993). Under the widely accepted exception to the general rule, the obligor " 'may be given credit if equity would so dictate under the particular circumstances involved, provided that such an allowance would not do an injustice to the [obligee].' [Cit.]" *Brown v. Ga. Dept. of Human Resources*, 263 Ga. 53, 54 (1) (428 SE2d 81) (1993). Included within this equitable exception are instances "where the [obligee] has consented to the [obligor's] voluntary expenditures as an alternative to [the] obligation, [cits.], or where the [obligor] has been in substantial compliance with the spirit and intent of the [order] . . . . [Cits.]" *Daniel v. Daniel*, 239 Ga. 466, 468 (2) (238 SE2d 108) (1977).

In this case, Husband did not voluntarily transfer to Wife the funds setoff by the trial court. The court was authorized to find that Wife appropriated those funds to her own use. Contrary to her further argument, the fact that the equity line funds were obtained prior to institution of the divorce action and were discussed at the temporary hearing does not prevent the setoff of those particular funds, since the trial court found a continuing failure on Wife's part to account for such funds. Furthermore, as indicated by the trial court's order denying the contempt motion, Husband substantially complied with the temporary order. Thus, the trial court's setoff of the funds converted by Wife against Husband's obligation to pay her $10,000 falls well within the equitable exception to the prohibition against setoffs of support obligations.

3. Wife further contends that the trial court inequitably divided the parties' marital assets, specifically Husband's retirement plan in his favor 75% to 25%. "[R]etirement benefits, 'insofar as they are acquired during the marriage, . . . are marital property subject to equitable division.' [Cits.]" *Hipps v. Hipps*, 278 Ga. 49 (1) (597 SE2d 359) (2004).

> However, an equitable division of marital property does not necessarily mean an equal division. [Cit.] . . . "(R)eviewing all the evidence adduced in this case we cannot say that the trial court treated (Wife) inequitably in its decision regarding what constituted a fair division between the parties of the marital property. Therefore, we hold that (she) failed to carry (her) burden of proving error in the trial court's award to (Husband)." [Cit.]

*Wright v. Wright*, 277 Ga. 133, 134-135 (2), (3) (587 SE2d 600) (2003). *Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 24, 2005.

*Christopher J. McFadden*, for appellant.
*Dupree, King & Kimbrough, Hylton B. Dupree, Jr.*, for appellee.