### S07F0093. RIEFFEL v. RIEFFEL.
(644 SE2d 140)

BENHAM, Justice.

The parties were divorced in June 2006 after twenty-eight years of marriage in which they had six children, one of whom, at the time the judgment was entered, was a minor living with appellee Jane Rieffel ("Wife"). Appellant Ricardo Elmer Rieffel ("Husband") filed a petition for divorce in February 2005, and the trial court's final judgment and decree of divorce incorporated terms of the settlement agreement reached by the parties. Husband's timely-filed application for discretionary review of the final judgment and decree of divorce was granted in accordance with this Court's Family Law Pilot Project, pursuant to which this Court grants all non-frivolous applications seeking discretionary review of a final judgment and decree of divorce. *Maddox v. Maddox*, 278 Ga. 606, n. 1 (604 SE2d 784) (2004).

1. Husband complains the trial court's award of alimony and attorney fees to Wife was excessive. At the final hearing on January 24, 2006, counsel for Husband informed the trial court there were three items for resolution by the trial court (Wife's requests for

alimony, attorney fees, and funds to repair the marital residence) because the parties had agreed Husband would pay monthly child support of $867, an amount representing twenty percent of Husband's gross monthly income, and they had agreed Husband would relinquish to Wife all his title and equitable interest in the marital home as full payment of the arrearages he owed pursuant to the parties' consent order of separate maintenance.[1] After accepting the amount of child support agreed upon by the parties, the trial court incorporated into the final judgment and decree of divorce that provision and the agreed-upon provision regarding ownership of the marital home. The trial court awarded Wife monthly alimony of $850 for twelve years, $4,000 in attorney fees, and $5,000 for repairs to the marital home.[2]

> In the absence of any mathematical formula, (factfinders) are given a wide latitude in fixing the amount of alimony . . . , and to this end they are to use their experience as enlightened persons in judging the amount necessary for support "under the evidence as disclosed by the record and all the facts and circumstances of the case."

*Farrish v. Farrish*, 279 Ga. 551, 552 (615 SE2d 510) (2005). OCGA § 19-6-5 (a) requires the factfinder to consider several specific factors[3] and "such other relevant factors as the court deems equitable and proper." The record contains the financial statements of both parties, and the transcript of the final hearing establishes the trial court considered the length of the marriage, Wife's absence from the labor market while giving birth to and raising six children, and the disadvantages associated with her late arrival into employment

---

[1] In January 2003, prior to the initiation of divorce proceedings, Wife filed a complaint for separate maintenance. The trial court issued a "consent order for separate maintenance" which required Husband to pay Wife 50 percent of each paycheck for the support of Wife and their two minor children who were in Wife's sole legal and physical custody at that time. In February 2005, Wife filed a motion seeking to hold Husband in contempt of the separate maintenance order due to his failure to make the support payments. Two weeks later, Husband filed his complaint for divorce.

[2] At the final hearing, the trial court directed the attorneys to work out a payment schedule for the attorney fees and the home repairs. Counsel for Husband accepted the task of drafting the final order, and the final judgment required payment of half the home repair and attorney fee awards within three months of the decree and the remaining half within six months of the decree.

[3] Listed in OCGA § 19-6-5 (a) are the following factors: the standard of living established during the marriage; the duration of the marriage; the age and the physical and emotional condition of both parties; the financial resources of both parties; where applicable, the time necessary for either party to gain sufficient education or training to find appropriate employment; the contribution of each party to the marriage, including services rendered in homemaking and child care; and the financial condition of the parties.

outside the home. We conclude the trial court did not abuse its discretion in awarding Wife 12 years of alimony.

OCGA § 19-6-2 (a) (1) authorizes a trial court to exercise its discretion and award attorney fees in a divorce action after taking into consideration the financial circumstances of the parties, in order "to ensure effective representation of both spouses so that all issues can be fully and fairly resolved." *Johnson v. Johnson,* 260 Ga. 443, 444 (396 SE2d 234) (1990). The record and the transcript of the final hearing establish the trial court properly considered the relative financial positions of the parties, and we conclude the trial court did not abuse its discretion when it awarded attorney fees to Wife.

2. In the final judgment and decree of divorce, the trial court divided the marital property by awarding the marital home to Wife, noting the parties' agreement that Husband relinquished to Wife his interest in the home as full payment of the arrearages accrued under the separate maintenance consent order. In addition, Husband received the 2003 Nissan Altima and Wife was given title to five cars ranging in age from six to sixteen years,[4] and each party retained his/her retirement account and all bank accounts in his/her name. On appeal, Husband contends the trial court failed to take into consideration the large amount of equity in the marital home that was awarded Wife when the trial court equitably divided the marital property.

At the final hearing in the divorce case (at which the outstanding motion for contempt in the separate maintenance action was also heard), the attorney for Husband informed the trial court the parties had agreed the separate maintenance arrearage was approximately $30,000 and "to make up for that arrears amount, Mrs. Rieffel is going to be awarded the marital residence and all the equity in the marital residence. So she will get Mr. Rieffel's portion of the equity in the marital residence to make up for the arrears that he had not paid." On the day the trial court entered the divorce judgment, it also entered in the separate maintenance contempt action, nunc pro tunc to the day of the final hearing, the "consent final order" in which the parties "consent[ed] and agree[d] that [Husband] fell behind in his support obligations . . . [and] shall relinquish all of his title, equity, and interest in the parties' marital residence . . . to [Wife] as full payment of the arrearages. . . ." There was evidence the couple's equitable interest in the marital home was approximately $74,000 (appraised value of $154,000 less the mortgage's outstanding balance of $79,800). It is clear from the final judgment and decree that the award of

---

[4] There was testimony the cars were titled in Wife's name and used by the couple's adult children residing with Wife in the marital home.

Husband's equitable interest in the marital home to Wife was not the result of the trial court's equitable division of property, but the result of the agreement Husband and Wife had reached to settle Husband's arrearages under the separate maintenance order. Accordingly, we do not see the trial court's equitable division of marital property as an abuse of discretion.

3. Husband contends on appeal that the separate maintenance consent final order was null and void since the parties had attempted reconciliation and voluntarily cohabited on several occasions. Pretermitting a discussion of the allegations of lack of good faith associated with the attempted reconciliation (see *Hill v. Guest*, 216 Ga. 679 (2) (119 SE2d 19) (1961) (reconciliation and cohabitation that will annul a prior support agreement must have been entered into in good faith and not as a scheme to avoid payment of support)), we note that "[i]n the absence of fraud or mistake, a party cannot complain of a judgment, order, or ruling that his own conduct produced or aided in causing." *Imperial Massage & Health Studio v. Lee*, 231 Ga. 482 (2) (202 SE2d 426) (1973). "An order entered with the consent of counsel is binding on the client in the absence of fraud, accident, mistake, or collusion of counsel." *Cranford v. Cranford*, 223 Ga. 819, 820 (1) (158 SE2d 246) (1967). In the absence of any showing of fraud or mistake, Husband cannot complain of the order entered by consent. *Imperial Massage & Health Studio v. Lee*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2007.

*James M. Allison, Jr.*, for appellant.
*Anagnostakis & Jackson, Patricia M. Anagnostakis, James J. Anagnostakis*, for appellee.