## S08F1399. ARKWRIGHT v. ARKWRIGHT.
(668 SE2d 709)

MELTON, Justice.

On January 19, 2007, Evelina Carmela Arkwright ("Wife") filed for divorce from Dennis Eugene Arkwright ("Husband") in the Superior Court of DeKalb County. Following an October 10, 2007 bench trial at which Husband and his attorney failed to appear, the

---

trial court awarded Wife alimony, title to the marital residence, ownership of an Italian condominium, 50 percent of Husband's retirement accounts, and attorney fees. Husband moved for a new trial and to set aside the final order, and the trial court denied this motion. On appeal, Husband contends that the trial court erred in denying his motion because (1) he did not have actual notice of the final trial date before the trial took place, and (2) the final order was manifestly unfair. For the reasons that follow, we affirm.

1. Husband contends that the trial court erred in denying his motion to set aside because he did not have notice of the final trial date. However, Husband concedes that his attorney had actual notice of the trial date, but simply failed to notify him about the date of the trial. Neither Husband nor his counsel appeared at the trial,[1] and the "[f]ailure of a [party] to appear . . . in consequence of [a] misunderstanding between him and his counsel, does not afford a meritorious reason for granting a motion to set aside a judgment." *Drain Tile Machine v. McCannon*, 80 Ga. App. 373, 376 (56 SE2d 165) (1949). Thus, Husband's enumeration is without merit.

2. Husband argues that the trial court erred in denying his motion for a new trial because the final order was manifestly unfair. Specifically, he claims that (a) the evidence did not support the trial court's alimony award, (b) the trial court's division of property was inappropriate, and (c) the trial court improperly awarded attorney fees to Wife. In considering Husband's challenges to the trial court's assessment of the evidence relating to the alimony award and division of marital property, "this Court will not set aside the trial court's factual findings unless they are clearly erroneous, and this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses." (Citations and punctuation omitted.) *Frazier v. Frazier*, 280 Ga. 687, 690 (4) (631 SE2d 666) (2006).

(a) "In the absence of any mathematical formula, fact-finders are given a wide latitude in fixing the amount of alimony . . . and to this end they are to use their experience as enlightened persons in judging the amount necessary for support under the evidence as disclosed by the record and all the facts and circumstances of the case." (Citations and punctuation omitted.) *Farrish v. Farrish*, 279 Ga. 551, 552 (615 SE2d 510) (2005). Here, the record reflects that, in setting alimony for Wife at $1,000 per month (until she dies, re-marries, or reaches the age of 65), the trial court considered evidence of Husband's gross income of $49,920, Wife's gross income

---

[1] Husband's attorney failed to appear at the hearing because he was under the mistaken impression that Wife was going to seek a continuance.

of $16,476, the living conditions of each party, the duration of the marriage, and the age and physical conditions of the parties. See OCGA § 19-6-5 (a). Based on the record, we find no abuse of discretion in the trial court's alimony award to Wife. See, e.g., *Wood v. Wood*, 283 Ga. 8 (1) (655 SE2d 611) (2008).[2]

(b) Similarly, we find no merit to Husband's claim that the trial court's division of marital assets is unfair. "[A]n equitable division of marital property does not necessarily mean an equal division." (Citation and punctuation omitted.) *Fuller v. Fuller*, 279 Ga. 805, 808 (3) (621 SE2d 419) (2005). Here, Wife presented evidence that she put substantial work and money into the marital residence, and that the Italian condominium had actually been purchased by her parents and placed in her name. Furthermore, "retirement benefits, insofar as they are acquired during the marriage, are marital property subject to equitable division." (Citations and punctuation omitted.) *Hipps v. Hipps*, 278 Ga. 49 (1) (597 SE2d 359) (2004). Having reviewed the evidence presented in this case we cannot say that the trial court treated Husband inequitably in its decision regarding what constituted a fair division between the parties of the marital property. *Fuller*, supra, 279 Ga. at 808 (3). Husband has shown no error. Id.

(c) An award of attorney fees as part of the expenses of litigation is left to "the sound discretion of the [trial] court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party." OCGA § 19-6-2 (a) (1). "The purpose of allowing attorney fees is to ensure effective representation of both spouses so that all issues can be fully and fairly resolved." (Citation omitted.) *Johnson v. Johnson*, 260 Ga. 443, 444 (396 SE2d 234) (1990). Here, as noted in Division 2 (a), supra, the trial court considered evidence of the financial circumstances of the parties. Further, the court considered evidence that Wife incurred over $16,000 in litigation expenses over the course of the divorce proceedings. We find no abuse of discretion in the trial court's award of $16,000 in attorney fees to Wife. *Rieffel v. Rieffel*, 281 Ga. 891 (1) (644 SE2d 140) (2007).

*Judgment affirmed. All the Justices concur.*

---

[2] To the extent that Husband argues that the award is unfair because his potential inability to pay it could subject him to incarceration, such argument is without merit. Georgia law has long held that imprisonment for contempt "ought never to be resorted to, except as a penal process, founded on the *unwillingness* of the party to [pay]. The moment it appears there is *inability* [to pay], it would clearly be the duty of the Judge to discharge the party." (Emphasis supplied.) *Carlton v. Carlton*, 44 Ga. 216, 221 (1871). Here, Husband will not face loss of liberty for inability to pay; only if he willfully refuses to do so.

DECIDED OCTOBER 27, 2008.

*Meriwether & Tharp, Patrick L. Meriwether*, for appellant.
*Hunter, Weinstein & Somerstein, Evin L. Somerstein, Stephanie L. Wilson*, for appellee.