S09F0709. SPROUSE v. SPROUSE.

(678 SE2d 328)

CARLEY, Justice.

John Michael Sprouse (Husband) and Joyce Hamilton Sprouse (Wife) entered a common law marriage in Alabama in 1996. That marriage was terminated in 2001 by the divorce decree of an Alabama court. Shortly thereafter, the parties resumed cohabitation, and they were ceremonially married on March 5, 2005. Husband brought this divorce action on January 2, 2007, and Wife answered and counterclaimed. After a bench trial, the trial court entered a final divorce decree which, in relevant part, awarded alimony to Wife in the amount of $1,000 per month for six months or until she begins receiving social security disability benefits, whichever first occurs, at which time the amount would decrease to $500 per month and last for twelve and one-half years. The trial court denied a motion for new trial, and Husband applied for a discretionary appeal, which was granted pursuant to our Pilot Project in divorce cases.

Husband contends that the trial court abused its discretion in awarding alimony that was excessive as to amount and duration and was not based on the evidence adduced at trial.

"In the absence of any mathematical formula, fact-finders

are given a wide latitude in fixing the amount of alimony . . . and to this end they are to use their experience as enlightened persons in judging the amount necessary for support under the evidence as disclosed by the record and all the facts and circumstances of the case." [Cit.]

*Arkwright v. Arkwright*, 284 Ga. 545, 546 (2) (a) (668 SE2d 709) (2008).

Husband argues that the trial court did not thoroughly examine all of the relevant statutory factors in determining alimony. See OCGA § 19-6-5 (a). However, " '[w]ith respect to alimony, there is no statutory requirement that findings be included in the decree.' [Cit.]" *Wood v. Wood*, 283 Ga. 8, 9 (1) (a) (655 SE2d 611) (2008). Although the trial court at one point expressed some concern over the potential redundancy of additional testimony, that testimony was not excluded, and "there is nothing in the record to show the trial court did not take into account the evidence . . . adduced at trial . . . ." *Southerland v. Southerland*, 278 Ga. 188, 190 (2) (598 SE2d 442) (2004). Moreover, the transcript shows many questions and comments by the trial court, several of which indicate that the court considered Wife's needs, Husband's ability to pay, and the factors set forth in OCGA § 19-6-5 (a). See OCGA § 19-6-1 (c); *Arkwright v. Arkwright*, supra at 546-547 (2) (a); *Wood v. Wood*, supra.

Contrary to Husband's further assertion, we do not read any of the trial court's comments as revealing that it had prejudged the issue of alimony. "[T]he trial judge heard the case without a jury and, thus, would not need to use the same qualified and circumspect language as he would in the context of a jury trial." *Kephart v. Kephart*, 273 Ga. 9, 10 (3) (536 SE2d 504) (2000). Husband also complains that the trial court considered a self-serving letter written by the attorney representing Wife in her social security disability case. However, even assuming that the letter was inadmissible, the transcript does not show that the trial court relied upon that letter and, "[a]t a bench trial such as this, 'the trial court is presumed to have separated admissible evidence from inadmissible evidence and considered only the former in reaching its judgment.' [Cit.]" *Thomas v. State*, 284 Ga. 540, 545 (2) (668 SE2d 711) (2008).

Husband further contends that the trial court abused its discretion by considering the length of time the parties lived together in a meretricious relationship prior to their marriage in 2005. After expressing an intent to award Wife alimony for 13 years, the trial court stated that the parties "have been together for 13 years and she doesn't appear to have anything. I'm going to do that that way and then it stops." When Husband argued that Georgia does not

recognize "palimony," the trial court explained that the length of the marriage is not dispositive. OCGA § 19-6-5 (a) (2) lists the "duration of the marriage" as one factor which must be considered in determining the amount of alimony. Such a statutory criterion has been held not to include either premarital cohabitation or prior marriages between the parties. *Loughlin v. Loughlin*, 910 A2d 963, 974 (Conn. 2006). However, in addition to several specific factors, OCGA § 19-6-5 (a) gives the factfinder broad discretion to consider "[s]uch other relevant factors as the court deems equitable and proper." OCGA § 19-6-5 (a) (8). See also *Wood v. Wood*, supra; *Rieffel v. Rieffel*, 281 Ga. 891, 892 (1) (644 SE2d 140) (2007). "We see no reason why that discretion necessarily excludes considering the length of the parties' premarital cohabitation." *Marriage of Lind*, 139 P3d 1032, 1040 (III) (Or. App. 2006). We hold that, under the catchall provision of OCGA § 19-6-5 (a) (8), the trial "court is free to consider the parties' entire relationship, including periods of premarital cohabitation," in determining alimony. *Harrelson v. Harrelson*, 932 P2d 247, 255 (III) (C) (1) (Alaska 1997). Moreover, no one factor is dispositive, and the trial court did not rely solely on the total length of the parties' relationship. See *Marriage of Lind*, supra at 1041 (III).

Based on the entire record, we find that the trial court did not abuse its discretion in making its award of alimony to Wife. See *Arkwright v. Arkwright*, supra at 547 (2) (a); *Wood v. Wood*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 2009.

*Meacham, Earley, Fowler & Andres, David A. Fowler*, for appellant.

*Chandra L. Wilson, Vicky O. Kimbrell, Lisa J. Krisher, Phyllis J. Holmen*, for appellee.