PITTMAN, Judge.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(C), Ala. R.App. P.; Robbins v. Sanders, 890 So.2d 998, 1010-11 (Ala.2004) ; Davis v. Blackstock, 159 So.3d 708, 732 (Ala.Civ.App.2013) ; Kreitzberg v. Kreitzberg, 80 So.3d 925, 932-33 (Ala.Civ.App.2011) ; Dunn v. Dunn, 12 So.3d 704, 709 (Ala.Civ.App.2008) ; T.K.T. v. F.P.T., 716 So.2d 1235, 1238-39 (Ala.Civ.App.1998) ; Figures v. Figures, 624 So.2d 188, 191 (Ala.Civ.App.1993) ; Johnson v. Johnson, 585 So.2d 89, 91 (Ala.Civ.App.1991) ; and Hammond v. Hammond, 500 So.2d 27, 29 (Ala.Civ.App.1986).
The appellant's application for an award of an attorney fee on appeal is denied. The appellee's application for an award of an attorney fee on appeal is granted in the amount of $7,500.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur specially.
DONALDSON, Judge, concurring specially.
I concur in affirming the trial court's judgment. I write to address an issue presented on appeal regarding the manner in which the judgment was prepared. After the trial was completed, the trial judge contacted an attorney for a party and directed the attorney to prepare the final judgment. This contact was made without the knowledge of the attorney for the opposing party. The judgment was prepared as directed and sent to the trial judge for entry, again without the knowledge of the attorney for the opposing party. This or a similar procedure has been followed for many years by some trial judges in this state without any improper motive or intent. But the practice must come to an end.
In certain types of cases, it is completely proper and, due to limited resources allocated to the judicial branch, at times essential for the trial court to ask an attorney for a party or attorneys for all parties to prepare and submit a proposed order or judgment. But all communications regarding the request and the submission of the proposed order or judgment must include the attorneys for all parties and any unrepresented parties. "[The Supreme] Court has held that a trial court's adoption of [an] order prepared by one of the parties is appropriate, so long as opposing counsel are furnished with a copy of the proposed order prior to its entry. Ex parte Masonite Corp. , 681 So.2d 1068 (Ala.1996)." General Motors Acceptance Corp. v. City of Red Bay, 825 So.2d 746, 749 (Ala.2002) (emphasis added). As observed by the Florida Supreme Court:
"The judicial practice of requesting one party to prepare a proposed order *974 for consideration is a practice born of the limitations of time. Normally, any such request is made in the presence of both parties or by a written communication to both parties. We are not unmindful that in the past, on some occasions, judges, on an ex parte basis, called only one party to direct that party to prepare an order for the judge's signature. The judiciary, however, has come to realize that such a practice is fraught with danger and gives the appearance of impropriety. See generally Steven Lubet, Ex Parte Communications: An Issue in Judicial Conduct, 74 Judicature 96, 96-101 (1990)."
Rose v. State, 601 So.2d 1181, 1183 (Fla.1992). See also Richard E. Flamm, Judicial Disqualification: Recusal and Disqualification of Judges § 14.8, pp. 401-02 (2d ed.2007) ("Appellate courts have frequently admonished lower courts about engaging in [an ex parte communication requesting counsel to prepare an order], the dangers of which are readily apparent.... [A] judge's ex parte request that a party's counsel prepare an order is not calculated to foster an impression of judicial objectivity." (footnotes omitted)).
Nevertheless, the procedural error in the preparation of an order or judgment does not, in itself, mandate the vacation or reversal of the order or judgment. As noted by the United States Court of Appeals for the Eleventh Circuit:
"This circuit and other appellate courts have repeatedly condemned the ghostwriting of judicial orders by litigants....
"The dangers inherent in litigants ghostwriting opinions are readily apparent. When an interested party is permitted to draft a judicial order without response by or notice to the opposing side, the temptation to overreach and exaggerate is overwhelming.... The proposed order or opinion serves as an additional opportunity for a party to brief and argue its case and thus is unfair to the party not accorded an opportunity to respond.... [T]he ex parte communications occasioned by this practice create an obvious potential for abuse....
"The fact that a judge allowed a litigant to draft the court's orders without notice to the opposing party does not automatically invalidate these orders, however.... Such orders will be vacated only if a party can demonstrate that the process by which the judge arrived at them was fundamentally unfair."
Colony Square Co. v. Prudential Ins. Co. of America (In re Colony Square Co.), 819 F.2d 272, 274-76 (11th Cir.1987). See also Fuller v. Fuller, 279 Ga. 805, 806, 621 S.E.2d 419, 421 (2005) (finding no due-process violations in the preparation of a divorce judgment by an attorney for a party following ex parte communications, but disapproving of the practice).
In this case, the record does not establish that the judgment entered by the trial court did not reflect the independent findings and conclusions reached by the trial judge, and the nonprevailing party had an opportunity to challenge the findings and conclusions set out in the judgment, albeit not until after it was entered. See, e.g., Ex parte Masonite Corp., 681 So.2d 1068, 1073 (Ala.1996) ("Any harm that may have occurred from the judge's failing to follow the earlier-announced plan of allowing review of a proposed order after it had been drafted by the prevailing party was cured by the hearing at which the defendants were given the opportunity to object to any portions of the order they deemed to be incorrect or inappropriate."). Therefore, I believe, although the procedure utilized by the trial court was flawed, the *975 nonprevailing party is not entitled to relief from the judgment on that basis alone.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.