SHORES, Justice.
The City of Pelham petitions for a writ of mandamus directing Judge William J. Wynn III to transfer a pending action from the Jefferson County Circuit Court to the Shelby County Circuit Court.
Alabama Power Company maintains a warehouse in the City of Pelham in which it houses its design and engineering personnel and from which it makes retail sales of electrical appliances. Alabama statutes authorize municipalities to assess use taxes against businesses that use property for such purposes. Ala.Code 1975, § 11-51-202; § 40-23-61. The City of Pelham assessed use taxes against Alabama Power in the amount of $247,169.35; Alabama Power appealed to the City’s Revenue Department, to no avail.
The tax assessment became final on May 7, 1997. By that time, the City calculated that Alabama Power owed a total of $256,053.26. Alabama Power appealed the municipal tax assessment to the Jefferson Circuit Court. The City moved to dismiss the appeal or, in the alternative, to transfer it to the Shelby Circuit Court, arguing that venue was proper in Shelby County, where the City of Pelham is exclusively located. Judge Wynn denied the City’s motion, stating in his order:
“Unquestionably, respondent, City of Pelham, incorporated the Uniform Revenue Procedures Act in its municipal tax code. The language is clear that the taxpayer may choose the venue of his residence or principal place of business.
“It would further appear that if the state allows the taxpayer to choose venue (residence or principal place of business), why would a municipality who adopted the state statute be treated any differently?
“Motion to Dismiss or Transfer is denied.”
The City seeks a writ of mandamus directing Judge Wynn to transfer the case to Shelby County.
A writ of mandamus is a drastic and extraordinary writ, to be issued only where there is a “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” Ex parte Auto-Owners Ins. Co., 548 So.2d 1029, 1030 (Ala.1989) (quoting Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989)); see Ex parte Pearson Management Co., 667 So.2d 48 (Ala.1995).
The sole question before us is whether the trial court erred in denying the City’s motion to transfer. The court held that the City has incorporated the “Uniform Revenue Proce-dureá Act” into its municipal tax code. Chapter 2A of Title 40, entitled the Alabama Taxpayers’ Bill of Rights and Uniform Revenue Procedures Act, §§ 40-2A-1 through - 11, contains a venue provision allowing the taxpayer to appeal from any final assessment either to the Circuit Court of Montgomery County (“or to the circuit court of the county in which the taxpayer resides or has a principal place of business in Alabama.)” § 40-2A-7(b)(5)b. Judge Wynn concluded that because of this venue provision, Alabama Power could bring its appeal in Jefferson County.
The City argues that the Alabama Taxpayers’ Bill of Rights and Uniform Revenue Procedures Act, by the terms of § 40-2A-2, does not apply.[1] The Act states that the “legislative intent” behind the Act was to provide procedures for taxpayers to follow when dealing with the Alabama Department of Revenue. § 40-2A-2(l). We agree that the venue provisions of the Act do not apply here.
No provision in the Code of Alabama 1975 specifically provides for the proper venue of an appeal of a municipal use tax assessment. The City of Pelham, relying on Ex parte City of Birmingham, 507 So.2d 471 (Ala.1987), and § 6-3-11, Ala.Code 1975, argues that the proper venue for such an appeal is the county in which the municipality is located.
*338 In Ex parte City of Birmingham, the Blount County Commission and a Blount County resident taxpayer brought an action in the Circuit Court- of Blount County against the City of Birmingham, seeking .a declaratory judgment holding invalid certain ordinances through which the City of Birming-. ham sought to annex land in Blount County. This Court applied common law venue principles and held that “an action against a municipal corporation is a local action for which venue generally lies in the county which is the situs of the municipal corporation.” Id. at 474. Three months after this Court decided Ex parte City of Birmingham, the Governor signed Act No. 87-391, Ala. Acts 1987, now codified as § 6 — 3—11, providing that the proper “venue for all civil actions for flamages for personal injury, death, or property damage filed against a county or against a municipality shall be in the county or in the county within which the municipality is located or in the county in which the act or omission complained of occurred.” That Act extended this Court’s holding in Ex parte City of Birmingham. See Ex parte AU Hotel, Ltd., 677 So.2d 1160, 1168 (Ala.1996) (Maddox, J., dissenting). This lawsuit is closely analogous to an action for damages against a city. We agree that under the authority of either Ex parte City of Birmingham or § 6-3-11 the proper venue is Shelby County.
For the reasons stated above, we hold that the trial court erred in denying the motion for transfer. We grant the petition for the writ of mandamus; the trial judge is directed to grant the City’s motion to transfer this case to Shelby County.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY, and COOK, JJ., concur.
SEE, J., concurs in the result.

. The City does not agree that it has adopted the Act into its municipal code.