General Motors Acceptance Corporation ("GMAC") appeals from a class-certification order obtained by the plaintiffs in this case, the City of Red Bay and Franklin County. We vacate the class-certification order and remand the case.
 I. Facts and Procedural History
GMAC is a wholly owned subsidiary of General Motors Corporation; it also operates under the name GMAC Financial Services. In addition to insurance, mortgages, and commercial finance, GMAC engages in financing automobile purchases and leases. GMAC Leasing Corporation is a wholly owned subsidiary of GMAC that leases General Motors vehicles to GMAC.
The City and the County filed this action against GMAC Leasing Corporation and GMAC Financial Corporation[1] on behalf of themselves and others similarly situated, alleging that the defendants had entered into lease agreements with consumers for the leasing of automobiles and trucks and that the lease agreements were negotiated and signed by automobile dealerships on behalf of the defendants. The City and the County further alleged that local taxing jurisdictions are authorized by ordinances to levy sales and/or rental taxes, and that the defendants are required by law to collect, in connection with the leases issued by GMAC, local sales or rental taxes and to remit those taxes to the *Page 748 
various local taxing jurisdictions, including the City and the County; the City and the County alleged that GMAC has failed to collect such taxes on its leases and to remit those taxes to the local taxing jurisdictions.
The City and the County filed a motion for class certification. The trial court scheduled a hearing on class certification for January 11, 2001, at 2:00 p.m. While traveling to Franklin County for the hearing, GMAC's counsel was involved in an automobile accident, and he did not arrive at the courthouse until 4:30 p.m. After the trial court was notified of the accident, it allowed the City and the County's counsel to present oral arguments and to submit numerous documents while awaiting the arrival of GMAC's counsel.
At the January 11 hearing, the trial court allowed GMAC's counsel additional time (until January 22) to present any additional evidence for the record related to GMAC's opposition to the motion for class certification, and at GMAC's request, extended that deadline until February 9. Nevertheless, on January 12, the trial court entered a brief order on the case action summary sheet granting the City and the County's motion for class certification. In that order, the trial court asked counsel for the City and the County to draft an order for the court. Counsel did so, and the trial court entered a longer, more detailed order on January 12. GMAC later submitted the additional evidence allowed by the trial court; that evidence is included in the record before us. GMAC appeals pursuant to § 6-5-642, authorizing an immediate appeal of a class-certification order.
 II. The Rigorous-Analysis Requirement
Section 6-5-641(e), Ala. Code 1975, requires a trial court to conduct a rigorous analysis to determine whether the party seeking class certification has met the burden of proving that the requirements of Rule 23, Ala.R.Civ.P., have been satisfied. Conducting a rigorous analysis requires that a judge in drafting a class-certification order must, at a minimum, identify each of the four elements of Rule 23(a) and explain in detail how the proponents of the class have proven each of these elements, as well as at least one of the additional elements of Rule 23(b). Ex parte Green Tree Fin. Corp., 723 So.2d 6 (Ala. 1998).
GMAC argues that the trial court in this case did not conduct the required rigorous analysis. It is impossible, GMAC contends, for the trial court to have subjected the evidence submitted to a rigorous analysis if it held the class-certification hearing on January 11, allowed GMAC's counsel until February 9 to submit additional evidence, and entered the class-certification order on January 12. GMAC further contends that the trial court's asking the plaintiffs' counsel to prepare the class-certification order is evidence indicating that the trial court did not conduct its own rigorous analysis. Finally, GMAC contends that the trial court should not have entered the class-certification order before the deadline it had given to GMAC for the submission of additional evidence — February 9 — had passed.
The City and the County contend that the trial court was able to conduct the appropriate rigorous analysis because the parties had submitted briefs setting forth their respective positions on class certification before the hearing. The order, they say, listed each of the prerequisites for class certification, stated the applicable law on each, and specified which evidence established each element. Furthermore, the City and the County contend, the trial court cannot be said to have abused its discretion in conducting the rigorous analysis without GMAC's subsequent evidentiary submission because delaying the *Page 749 
entry of its order would have rewarded GMAC for not having that evidence available at the class-certification hearing and would have allowed GMAC additional time in which to attack the City and the County's evidence.
We first address the issue of the drafting of the class-certification order by the plaintiffs' counsel. This Court has held that a trial court's adoption of a class-certification order prepared by one of the parties is appropriate, so long as opposing counsel are furnished with a copy of the proposed order prior to its entry. Ex parte Masonite Corp.,681 So.2d 1068 (Ala. 1996). We have not had occasion to revisit this issue since the enactment of § 6-5-641(e) requiring that before issuing such an order the trial court conduct a "rigorous analysis."
In this case, there are several indicia of a lack of rigorous analysis. The trial court entered a lengthy order on the day after the certification hearing; that order was entered before GMAC had submitted its additional evidentiary material, which the trial court had explicitly allowed it time to do, and was entered without having given GMAC an opportunity to review and comment upon the proposed order prepared by class counsel.
Under these circumstances, we conclude that the class-certification order entered on January 12 must be vacated, and the cause remanded for the trial court to conduct the required rigorous analysis.
Because further proceedings are necessary, we address one significant issue concerning the propriety of class-action certification in this case. GMAC contends that the trial court abused its discretion in finding that questions of law or fact common to the members of the class predominate over any questions affecting individual members and that class-action treatment is superior to other methods of adjudicating this controversy. GMAC argues that because of the numerous local ordinances and local acts that must be examined to determine GMAC's liability, if any, and because of the differences in those laws, it will be necessary for the trial court to hear testimony from witnesses and legal arguments on behalf of each class member. The City and the County argue that GMAC has not shown how these alleged differences affect the claims made by the City and the County in this case.
The problem with the argument made by the City and the County is that the burden is not on GMAC to prove how the differences in the local acts and ordinances affect the elements of predominance and superiority. Instead, the City and the County, as the proponents of the putative class, have the burden of proving predominance despite whatever differences may exist and that class-action treatment is superior to individual actions. Given the current state of the record, we conclude that the City and the County have not yet met their burden.
The City and the County's expert, a certified public accountant, testified that "[t]he relatively minor differences that may occur between the ordinances of local taxing jurisdictions are not substantial and should not prevent the defendant from uniformly applying a procedure in compliance with county and city ordinances." (Emphasis added.) The City and the County also placed into the record what they refer to as a "sampling" of 12 local acts and ordinances that would need to be considered in this case. We do not believe a "sampling" of this kind is sufficient to meet the plaintiffs' burden of proving that questions of law predominate. A circuit court, in the absence of statutory authority, cannot take judicial notice of a *Page 750 
municipal ordinance, Ex parte Maxwell, 439 So.2d 715 (Ala. 1983), or of an ordinance passed by the board of revenue of a county, Isbell v.State, 17 Ala. App. 465, 86 So. 169 (1920). This "sampling" falls far short of presenting to the trial court the local acts and ordinances it would be required to consider in this case, and does nothing to point out to the trial court what differences exist or do not exist, as the case may be. Merely having an expert in accounting testify that the differences in applicable laws are "relatively minor" does not provide sufficient information to allow a trial court to make a determination as to predominance of common questions of law or the superiority of class-action treatment.
 III. Conclusion
Because we conclude that the trial court did not conduct the rigorous analysis required by § 6-5-641(e), we vacate the class-certification order and remand the cause for the trial court to review the class-certification motion under the appropriate legal standard in a manner consistent with this opinion. In so doing, the City and the County will have the burden of proving that questions of law predominate as to the various local acts and ordinances under consideration in this case. Because we are remanding the case for further proceedings, we decline to address at this time the other issues raised by GMAC.
ORDER VACATED; REMANDED WITH DIRECTIONS.
Moore, C.J., and Houston, See, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
[1] Although the plaintiffs' original complaint named as defendants GMAC Financial Corporation and GMAC Leasing Corporation, they later amended the complaint to substitute General Motors Acceptance Corporation as the proper defendant.