General Motors Acceptance Corporation ("GMAC"), the defendant in an action pending in the Franklin Circuit Court, appeals from a class-certification order obtained by the named plaintiffs in this case, the City of Red Bay and Franklin County. We vacate the class-certification order and remand.
This is the second class-certification order the trial court has entered in this case. We vacated the first order and remanded the cause for further proceedings. General Motors AcceptanceCorp. v. City of Red Bay, 825 So.2d 746 (Ala. 2002). In that opinion we summarized the following facts and procedural history of the case:
 "GMAC is a wholly owned subsidiary of General Motors Corporation; it also operates under the name GMAC Financial Services. In addition to insurance, mortgages, and commercial finance, GMAC engages in financing automobile purchases and leases. GMAC Leasing Corporation is a wholly owned subsidiary of GMAC that leases General Motors vehicles to GMAC.
 "The City and the County filed this action against GMAC Leasing Corporation and GMAC Financial Corporation on behalf of themselves and others similarly situated, alleging that the defendants had entered into lease agreements with consumers for the leasing of automobiles and trucks and that the lease agreements were negotiated and signed *Page 652 
by automobile dealerships on behalf of the defendants. The City and the County further alleged that local taxing jurisdictions are authorized by ordinances to levy sales and/or rental taxes, and that the defendants are required by law to collect, in connection with the leases issued by GMAC, local sales or rental taxes and to remit those taxes to the various local taxing jurisdictions, including the City and the County; the City and the County alleged that GMAC has failed to collect such taxes on its leases and to remit those taxes to the local taxing jurisdictions.
 "The City and the County filed a motion for class certification. The trial court scheduled a hearing on class certification for January 11, 2001, at 2:00 p.m. While traveling to Franklin County for the hearing, GMAC's counsel was involved in an automobile accident, and he did not arrive at the courthouse until 4:30 p.m. After the trial court was notified of the accident, it allowed the City and the County's counsel to present oral arguments and to submit numerous documents while awaiting the arrival of GMAC's counsel.
 "At the January 11 hearing, the trial court allowed GMAC's counsel additional time (until January 22) to present any additional evidence for the record related to GMAC's opposition to the motion for class certification, and at GMAC's request, extended that deadline until February 9. Nevertheless, on January 12, the trial court entered a brief order on the case action summary sheet granting the City and the County's motion for class certification. In that order, the trial court asked counsel for the City and the County to draft an order for the court. Counsel did so, and the trial court entered a longer, more detailed order on January 12. GMAC later submitted the additional evidence allowed by the trial court; that evidence is included in the record before us. GMAC appeals pursuant to § 6-5-642, [Ala. Code 1975,] authorizing an immediate appeal of a class-certification order."
825 So.2d at 747-48.
We concluded that the trial court had not conducted the rigorous analysis required by § 6-5-641(e), Ala. Code 1975, to determine whether the City and the County had met their burden of proving that the requirements of Rule 23, Ala. R. Civ. P., had been satisfied. We therefore vacated the class-certification order and remanded the case for the trial court to conduct the required rigorous analysis. After further proceedings, the trial court again entered a class-certification order certifying the following classes:
 "A. The Plaintiffs' Declaratory Judgment claim is hereby certified pursuant to Rule 23(b)(2) as appropriate for class treatment and defined as: All local taxing jurisdictions in the State of Alabama that levy a sales tax on the sale of automobiles and [that] do not have [an] auto lease or rental tax.
 "B. The Plaintiffs' claim for Money Due and Owing is hereby certified pursuant to Rule 23(b)(3) as appropriate for class treatment and defined as: All local taxing jurisdictions in the State of Alabama that:
"1) Levy a sales tax on the sale of automobiles;
 "2) Were [not] paid sales tax in connection with automobiles sold to GMAC under the Smart Lease and Smart Lease Plus programs; and
 "3) Did not have at the time of the transaction an auto lease or rental tax."
The dispositive issue on GMAC's appeal from this class-certification order is whether the failure of the City and the County to *Page 653 
comply with the provisions of the Alabama Taxpayers' Bill of Rights and Uniform Revenue Procedures Act, § 40-2A-1 et seq., Ala. Code 1975 ("the TBOR"), deprived the trial court of jurisdiction to consider the class action filed by the City and the County.
The TBOR prescribes uniform procedures that must be followed in assessing and collecting taxes. § 40-2A-1 and -2. Pursuant to the TBOR, the State Department of Revenue ("the Department") is required to provide a taxpayer with notice of any planned audit of the taxpayer's books and records; with a statement of the taxpayer's procedural rights, including the right to an administrative review of a preliminary assessment; and with a written description of the grounds for any claimed underpayment or nonpayment of a tax. § 40-2A-4. A taxpayer has the right to the entry of a preliminary assessment stating the specific amount of taxes the Department claims the taxpayer owes, which must be either mailed or personally delivered to the taxpayer. § 40-2A-7. The taxpayer is then entitled to dispute the preliminary assessment by filing a petition for review with the Department. If the parties are unable to resolve their differences and the Department determines that the assessment is valid, it must enter a final assessment. The taxpayer may then appeal the assessment to the administrative law division of the Department (or to a similar administrative agency in the event the dispute involves local taxes levied by a municipality or county not administered by the Department) or to the circuit court in the county where the taxpayer resides. § 40-2A-7.
GMAC argues that the City and the County are subject to the TBOR. Therefore, it argues, before the City and the County can seek to collect the sales and rental taxes they claim GMAC owes them, they must first comply with the TBOR by providing a written statement to GMAC of its procedural rights, including the right to administrative review of a preliminary assessment; by providing a written description of the basis for their claim to the taxes owed; and by issuing a preliminary and a final assessment. It is undisputed that the City and the County have not taken any action required by the TBOR.
The City and the County argue that the TBOR does not apply to local taxing jurisdictions. We disagree.
The requirements of the TBOR were directed initially to the Department. However, the Local Tax Simplification Act of 1998, Act No. 98-192, Ala. Acts 1988 ("the LTSA"), made the TBOR equally applicable to tax assessments and tax-collection procedures by local taxing authorities such as the City and the County. As to municipalities, the LTSA amended § 11-51-201, Ala. Code 1975, to provide:
 "(a) All taxes levied or assessed by any municipality pursuant to the provisions of Section 11-51-200 shall be subject to all definitions, exceptions, exemptions, proceedings, requirements, provisions, rules and regulations promulgated under the Alabama Administrative Procedure Act, direct pay permit and drive-out certificate procedures, statutes of limitation, penalties, fines, punishments, and deductions for the corresponding state tax as are provided by Sections 40-2A-7, 40-23-1, 40-23-2, 40-23-2.1, 40-23-4 to 40-23-31, inclusive, 40-23-36, 40-23-37, except for those provisions relating to the tax rate, and 40-23-38, except where inapplicable or where otherwise provided in this article."
As to counties, the LTSA amended § 11-3-11.2, Ala. Code 1975, to provide:
 "(b) Any county commission which elects to administer and collect, or contract *Page 654 
for the collection of, any local sales and use taxes or other local taxes, shall have the same rights, remedies, power and authority, including the right to adopt and implement the same procedures, as would be available to the Department of Revenue if the tax or taxes were being administered, enforced, and collected by the Department of Revenue. Any rules and regulations adopted or utilized by the county or its designee shall be consistent with the rules and regulations adopted through the provisions of the Alabama Administrative Procedure Act by the Department of Revenue for the corresponding state tax. . . ."
The Alabama Administrative Code (Department of Revenue), implementing the TBOR, sets forth the following regulations:
 "This chapter sets forth the rules to be used by the Alabama Department of Revenue in the administration of Chapter 2A of Title 40, Code of Ala. 1975, passed during the 1992 regular legislative session. Chapter 2A of Title 40, Code of Ala. 1975, titled the `Alabama Taxpayers' Bill of Rights and Uniform Revenue Procedures Act,' was enacted to provide equitable and uniform procedures for the operation of the Department and for all taxpayers when dealing with the Department. These rules are promulgated to implement the [TBOR] and clarify the rights of the Alabama taxpayer and the role and responsibilities of the Department in administering the state's tax laws."
Ala. Admin. Code (Department of Revenue) r. 810-14-1-.01
(emphasis added).
The City and the County ask us to restrict the Department's embrace of the TBOR as applicable to counties and municipalities, arguing that if the Legislature had intended for the TBOR to apply to all counties and municipalities, it could have so specified. In their brief to this Court, the City and the County contend that "only the `direct pay permit and drive-out certificate procedures, statutes of limitations, penalties, fines, punishments, and deductions' of § 40-2A-7 of the TBOR are applicable to municipalities under § 11-51-201 as a result of the [LTSA]. Because the administrative remedies contained within §40-2A-7 are not specifically listed, they do not apply." They further contend that § 11-3-11.2 "merely clarifies that `[a]ny rules and regulations adopted or utilized by the county or its designee shall be consistent with the rules and regulations adopted through the provisions of the Alabama Administrative Procedures Act [§ 41-22-1 et seq., Ala. Code 1975].' Nothing in this section requires that a county must undergo administrative remedies prior to filing suit."
We do not read the language of the TBOR, the LTSA, and the regulations adopted by the Department so narrowly. The statutes amended by the LTSA clearly adopt the administrative rules and regulations promulgated by the Department to implement the TBOR, thus making municipalities and counties subject to the statutory mandates applicable to both taxing authorities and taxpayers alike when enforcing the State's tax laws.
GMAC also points to § 40-2A-13(a) of the TBOR, which further provides:
 "[A] governing body of a self-administered county or municipality, or an agent of such a municipality or county, may not conduct an examination of a taxpayer's books and records for compliance with applicable sales, use, rental, or lodgings tax laws except in accordance with this section and with the [TBOR]."
They contend that § 11-3-11.2, § 11-51-201, and § 40-2A-13(a) combine to obligate municipalities and counties to follow the Department's tax-collection procedures *Page 655 
and to comply with the TBOR in the same manner as the Department must.
In response to this contention, the City and the County argue that § 40-2A-13(a) of the TBOR deals exclusively with examining a taxpayer's books and records and does not make the provisions of the TBOR applicable to cities and counties. The fact that the Legislature specifically listed municipalities and counties in §40-2A-13(a), they argue, indicates that the Legislature intended that only certain sections of the TBOR apply to local taxing entities. Again, we find this argument a narrow and strained interpretation of the TBOR and the LTSA. It ignores the fact that the LTSA was passed at the very same session of the Legislature as, and became effective on the same day as, the act codified as § 40-2A-13. We decline to read one section of the statutory scheme in isolation. When we consider both the TBOR and the LTSA in their entirety, we can only conclude that the TBOR applies not only to the Department and taxpayers, but also to municipalities and counties.
Furthermore, local laws pertaining to the City and the County also indicate that they are obligated to comply with the same statutory provisions as those that regulate the Department, including the TBOR. The City's Ordinance No. 87-1-5 provides:
 "Section 2. Provisions of State Sales Tax Statutes applicable to this Ordinance and Taxes herein Levied. The taxes levied by Section 1 of this ordinance shall be subject to all definitions, exceptions, exemptions, proceedings, requirements, rules, regulations, provisions, discounts, penalties, fines, punishments, and deductions, that are applicable to the taxes levied by the State sales tax statutes, except where inapplicable or where herein otherwise provided, including all provisions of the State sales tax statutes for enforcement and collection of taxes."
Act No. 441, Ala. Acts 1969, applicable to the County, provides:
 "Section 3. The taxes provided for in section 1 and section 2 of this Act shall be subject to all definitions, exceptions, exemptions, proceedings, requirements, rules, regulations, provisions, penalties, fines, punishments and deductions as are applicable to the state sales and use taxes levied under Act No. 100 adopted at the 1959 Second Special Session of the Legislature of Alabama, as amended, and Acts supplemental thereto, and Article 11 of Chapter 20 of Title 51 of the Code of Alabama of 1940, as amended, and Acts supplemental thereto, except where inapplicable or where herein otherwise provided, all of which are adopted and made a part hereof by reference, including the provisions for the enforcement and collection of the taxes."
The City and the County also argue that compliance with the TBOR is not jurisdictional and that they were not required to exhaust the administrative remedies of the TBOR because of the exception to the exhaustion-of-remedies doctrine that applies when questions of law and statutory construction predominate over questions of fact. Again, we disagree.
This Court addressed the TBOR in Patterson v. Gladwin Corp.,835 So.2d 137 (Ala. 2002). In Patterson, a corporate taxpayer brought a class action against the Department seeking refunds of corporate franchise taxes. The taxpayer attempted to rely on exceptions to the exhaustion-of-remedies doctrine as authority for bypassing the requirements of the TBOR. Although the Court noted that Alabama recognizes the doctrine of exhaustion of administrative remedies and that that doctrine "`is a judicially imposed prudential limitation, not an issue *Page 656 of subject-matter jurisdiction,'" 835 So.2d at 142, the Court did not accept the taxpayer's argument that it need not exhaust administrative remedies when seeking a refund of taxes from the Department. The Court held that compliance with the TBOR is the exclusive means for obtaining a franchise-tax refund, and explicitly stated that "[t]he TBOR is jurisdictional on itsface. See § 40-2A-7(c)(5)c; § 40-2A-9(g)(1)." 835 So.2d at 153. See also State v. Amerada Hess Corp., 788 So.2d 179
(Ala.Civ.App. 2000), in which the Court of Civil Appeals dismissed an action by the Department to recover severance taxes on the basis that the trial court lacked jurisdiction over the action because the Department had failed to follow the TBOR.
Because the failure of the City and the County to comply with the provisions of the TBOR before filing their complaint deprived the trial court of jurisdiction, we vacate the class-certification order and remand the cause for the trial court to enter an order of dismissal. Because we conclude that the class-certification order must be vacated, we need not address the other issues raised by GMAC.
ORDER VACATED; CAUSE REMANDED.
HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART,* JJ., concur.
* Although Justice Stuart was not present for oral argument, she has viewed the videotape of oral argument.