THOMAS, Judge,
concurring in the judgment of dismissal, but dissenting from the rationale.
I concur in the judgment of dismissal, but I respectfully dissent from the rationale of the main opinion. I would hold that the mother’s July 15, 2009, post-judgment motion was a motion filed pursuant Rule 55(c), Ala. R. Civ. P. Accordingly, I would hold that the juvenile court’s January 7, 2010, order purportedly granting the mother’s postjudgment motion was void for lack of jurisdiction and that all the juvenile court’s orders and judgments following the entry of its July 6, 2009, judgment are void.
Nine days after the juvenile court entered its default judgment in favor of K.M.G., the mother filed a postjudgment motion, requesting that the juvenile court vacate its default judgment. A post-judgment motion filed in a juvenile court pursuant to Rule 55(c) must be filed within 14 days of the entry of the default judgment, see Rule 55(c), Ala. R. Civ. P., Rule 1(B), Ala. R. Juv. P.; thus, the mother’s motion was timely filed.[4] The juvenile court then had 14 days to rule on the mother’s motion. See Rule 1(B), Ala. R. Juv. P. The juvenile court did not rule on the mother’s motion within the 14-day time limitation; therefore, the mother’s motion was deemed denied by the operation of law on July 29, 2009, and the juvenile court lost jurisdiction over the motion. See Rule 59.1, Ala. R. Civ. P.; Rule 1(B), Ala. R. Juv. P. Consequently, because the juvenile court lacked jurisdiction over the mother after July 29, 2009, its order purporting to grant the mother’s motion, along with every subsequently entered order and judgment, was void. See City of *713 Huntsville v. COLSA Corp., 71 So.3d 637, 642 (Ala.2011) (“[W]hen a trial court purports to exercise jurisdiction where it has none, every order and judgment entered pursuant thereto is void ab initio").
I disagree with the main opinion’s conclusion that the mother’s motion should be considered a Rule 60(b), Ala. R. Civ. P., motion. A timely filed postjudgment motion cannot be converted into a Rule 60(b), Ala. R. Civ. P., motion in order to avoid the time limitations of Rule 1(B), Aa. R. Juv. P. See Ex parte Johnson, 715 So.2d 783, 785-86 (Ala.1998) (“A Rule 60(b) motion to set aside a judgment cannot be substituted for a Rule 59 motion so as to avoid the operation of Rule 59.1.”). The mother’s motion did not mention Rule 60(b). The mother requested that the juvenile court “vacate” its judgment, language that is not inconsistent with a motion filed pursuant to Rule 55(c). See R.J.G. v. S.S.W., 42 So.3d 747, 753 (Ala.Civ.App.2009) (holding that a motion styled as a motion to alter, amend, or vacate was, in substance, a Rule 55(c) motion to set aside a default judgment).
“Permitting a motion filed under Rule 59(e) to be subsequently construed as a Rule 60(b)(3) motion for the purpose of avoiding the operation of Rule 59.1 (which was designed to remedy the inequities arising from the failure of the trial court to dispose of postjudgment motions for unduly long periods), would run afoul of the intent of the Rules by substantially nullifying Rule 59.1 and rendering the provisions of Rule 59 uncertain.”
Ex parte Johnson, 715 So.2d at 786. The same logic applied by our supreme court in Ex parte Johnson to a postjudgment motion filed pursuant to Rule 59, Aa. R. Civ. P., and subject to the time limitations in Rule 59.1, Aa. R. Civ. P., applies equally in this case to the mother’s postjudgment motion, which was filed according to Rule 55(c), Aa. R. Civ. P., and is subject to the time limitations of Rule 1(B), Aa. R. Juv. P. Accordingly, I would hold that the juvenile court lost jurisdiction over the mother’s postjudgment motion before the date on which it purported to grant the motion. Therefore, the default judgment entered by the juvenile court on July 6, 2009, remains in effect, and all the orders entered by the juvenile court after that date are null and void. See City of Huntsville, 71 So.3d at 642.
Furthermore, if this court is to treat the mother’s postjudgment motion as a Rule 60(b) motion, then I see no reason why K.M.G.’s January 21, 2010, postjudgment motion should not receive similar treatment. In his postjudgment motion, K.M.G. alleged that the mother had submitted fraudulent documents to the court to support her claim that she had been married at the time of the child’s birth. The mother’s purported marriage is key to the argument that she had asserted in her previously filed postjudgment motion. Fraud is a ground for relief that is available under Rule 60(b)(3). Athough K.M.G. styled his motion as a motion to alter, amend, or vacate — language that is consistent with Rule 59 — as the main opinion notes, a postjudgment motion is construed according to its substance, not its title. See Curry v. Curry, 962 So.2d 261, 263 (Ala.Civ.App.2007). If this court treats the mother’s postjudgment motion, which was filed within the time allowed by Rule 1(B), Aa. R. Juv. P., and that sought relief available under Rule 55(c), Aa. R. Civ. P., as a Rule 60(b), Aa. R. Civ. P., motion to avoid the time limitations of Rule 1(B), then KM.G.’s postjudgment motion, which was filed within the time allowed by Rule 1(B) and which asserted a ground that is cognizable under Rule 60(b), should also be treated as a Rule 60(b) *714 motion to avoid the time limitations of Rule 1(B).

. The mother filed a notice of appeal to this court on the same day that she filed her postjudgment motion. When a party files a notice of appeal and a postjudgment motion on the same day, the notice of appeal is deemed to be held in abeyance during the pendency of the postjudgment motion. See Rule 4(a)(5), Ala. R.App. P.