PER CURIAM.
Tellabs Operations, Inc. (“Tellabs”), petitions this Court for a writ of mandamus directing the Montgomery Circuit Court to vacate its order transferring the underlying appeal of an administrative agency’s decision in a taxpayer’s refund action to the Jefferson Circuit Court. We grant the petition and issue the writ.

I. Facts and Procedural History

Tellabs is a global provider of communications equipment and services that has conducted business in Alabama by making sales to customers in Alabama, including customers located in Bessemer. It is undisputed that Tellabs is a foreign corporation with no principal place of business in Alabama. In the course of doing business with customers in Bessemer, Tellabs paid sales taxes to the City of Bessemer (“Bessemer”). Tellabs alleges that it overpaid *55 sales taxes to Bessemer for a period between January 2004 and June 2004, totaling $235,790, including accrued interest.
On September 18, 2007, Tellabs petitioned for a refund of the allegedly overpaid sales taxes.[1] Tellabs’s petition was denied on July 9, 2008. Following an administrative appeal and hearing, that decision was upheld on September 16, 2010.
On October 18, 2010, Tellabs appealed from the denial of its refund petition to the Montgomery Circuit Court pursuant to the Alabama Taxpayers’ Bill of Rights and Uniform Revenue Procedures Act, § 40-2A-1 et seq., Ala.Code 1975, also known as the Taxpayers’ Bill of Rights (“the TBOR”).[2] In its complaint to the Montgomery Circuit Court, Tellabs invoked the jurisdiction of the court based on § 40-2A-9(g)(l)a., Ala.Code 1975.
On November 15, 2010, Bessemer filed a motion to dismiss or, in the alternative, for a change of venue, in which it argued that venue was improper in Montgomery County pursuant to § 6-3-11, Ala.Code 1975, that venue was proper in Jefferson County, and that the case should be transferred to Jefferson County. Without holding a hearing on the motion, the Montgomery Circuit Court, on November 30, 2010, entered an order transferring the appeal to the Birmingham Division of the Jefferson Circuit Court.
On December 8, 2010, Tellabs filed with the Montgomery Circuit Court a motion to reconsider the order transferring the appeal. In a telephone conference with counsel for the parties on December 16, 2010, Circuit Judge William Shashy informed the parties that he believed he had erred in transferring the appeal,[3] but that the Montgomery Circuit Court had lost jurisdiction of the case, and therefore Tel-labs’s only remedy was to petition this Court for a writ of mandamus. Accordingly, on December 30, 2010, Tellabs filed the present petition.

II. Standard of Review

We first note that Judge Shashy was correct in stating that, upon his transfer of the case to the Jefferson Circuit Court, the Montgomery Circuit Court lost jurisdiction of it. As this Court explained in Ex parte Chapman Nursing Home, Inc., 903 So.2d 813, 815 (Ala.2004):
*56 “ ‘Once the transferor court has granted the motion to transfer the case and the file has been sent to, and docketed by, the transferee court, the transferor court cannot then change its mind and vacate or set aside its transfer order or order the case returned.’ Ex parte MedPartners, Inc., 820 So.2d 815, 821 (Ala.2001). The transferee court, likewise, cannot ‘retransfer’ the case to the county in which it was originally filed. Ex parte Tidwell Indus., Inc., 480 So.2d 1201 (Ala.1985). ‘The aggrieved party’s sole remedy in such a case is a petition for writ of mandamus directed to the transferor court.’ MedPartners, 820 So.2d at 821.”
As to the standard for this Court’s consideration of the mandamus petition, we have stated:
“ ‘A petition for a writ of mandamus is the proper means for challenging an order transferring an action to another county.’ Ex parte Miller, Hamilton, Snider & Odom, LLC, 978 So.2d 12, 13-14 (Ala.2007) (citing Ex parte Wilson, 854 So.2d 1106, 1109 (Ala.2002)). “‘Mandamus is an extraordinary remedy and will be granted only when there is ‘(1) a clear legal right in the petitioner to the order sought, (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court.’ ” ’ Ex parte Flowers, 991 So.2d 218, 220 (Ala.2008) (quoting Ex parte Dillard Dep’t Stores, Inc., 879 So.2d 1134, 1136 (Ala.2003), quoting in turn Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)).”
Ex parte AIG Baker Orange Beach Wharf, L.L.C., 12 So.3d 1204, 1207 (Ala.2009) (footnote omitted).

III. Analysis

In General Motors Acceptance Corp. v. City of Red Bay, 894 So.2d 650 (Ala.2004), this Court concluded that, although “[t]he requirements of the TBOR were directed initially to the [Alabama] Department [of Revenue],” “the Local Tax Simplification Act of 1998, Act No. 98-192, Ala. Acts 1988 (‘the LTSA’), made the TBOR equally applicable to tax assessments and tax-collection procedures by local taxing authorities.” 894 So.2d at 653. See also Russell Petroleum, Inc. v. City of Wetumpka, 976 So.2d 428, 437 (Ala.2007) (noting that, “[considering the TBOR (including a 1998 amendment thereto now codified at § 40-2A-13) and the LTSA in their entirety,” the Red Bay Court held that “ ‘[the LTSA] made the TBOR equally applicable to tax assessments and tax-collection procedures by local taxing authorities such as [municipalities and counties]’ ” (quoting Red Bay, 894 So.2d at 653)); Pittsburg & Midway Coal Mining Co. v. Tuscaloosa County, 994 So.2d 250, 258 (Ala.2008) (observing that “[t]his Court in Red Bay held that the LTSA made the administrative-appeal procedures in the TBOR ‘equally applicable to tax assessments and tax-collection procedures by local taxing authorities’”). In this case, Bessemer concedes the applicability of the TBOR, and Tellabs purported to appeal the decision denying its request for a refund pursuant to § 40-2A-9(g)(1)a., Ala.Code 1975, part of the TBOR. We address the mandamus petition before us accordingly.[4]
Section 40-2A-9(g)(l)a. provides:
*57 “(g) Appeals to circuit court.
“(l)a. Either the taxpayer or the department may appeal to circuit court from a final order issued by the administrative law judge by filing a notice of appeal with the Administrative Law Division and with the circuit court within BO days from the date of entry of the final order. Any appeal by the department shall be filed with the circuit court of the county in which the taxpayer resides or has a principal place of business in Alabama. If the taxpayer neither resides in Alabama nor has a principal place of business in Alabama, the appeal may be made to the Circuit Court of Montgomery County, Alabama. Any appeal by the taxpayer may be taken to the Circuit Court of Montgomery County, Alabama, or to the circuit court of the county in which the taxpayer resides or has a principal place of business in Alabama.”
Before we address Tellabs’s argument concerning the proper venue for its appeal to the circuit court, it is necessary to examine a threshold issue of subject-matter jurisdiction raised by Bessemer for the first time in this Court. Bessemer notes that § 40-2A-9(g)(l)a. requires that a notice of appeal must be filed “with the Administrative Law Division and with the circuit court within 30 days from the date of entry of the final order.” Bessemer contends that Tellabs failed to appeal in a timely manner and cites several Alabama cases holding that failure to comply with the requirements of § 40-2A-9(g)(l)a. constitutes a jurisdictional defect that de-prives the circuit court of jurisdiction to hear the appeal in question. See, e.g., Alabama Dep’t of Revenue v. Morton, 892 So.2d 940, 943 (Ala.Civ.App.2004) (concluding that “[bjecause the taxpayers ‘failed to comply with the requirements of § 40-2A-9(g)(1), the trial court lacked jurisdiction over [their] appeal, and its judgment is void.’” (quoting State Dep’t of Revenue v. Garner, 812 So.2d 380, 385 (Ala.Civ.App.2001))).
Tellabs filed notice of its appeal to the Montgomery Circuit Court on October 18, 2010, 32 days after the entry of the final order.[5] Tellabs notes that the 30th day following the entry of the final order was a Saturday and that the circuit court’s offices were closed until the next business day, Monday, October 18, 2010. Tellabs argues that under § 1-1-4, Ala.Code 1975, its appeal was timely. We agree.
Section 1-1-4 provides, in pertinent part:
“Time within which any act is provided by law to be done must be computed by excluding the first day and including the last. However, if the last day is Sunday, or a legal holiday ..., or a day on which the office in which the act must be done shall close as permitted by any law of this state, the last day also must be excluded, and the next succeeding secular or working day shall be counted as the last day within which the act may be done.”
Alabama courts previously have held that filing deadlines provided by statute are to be read in pari materia with § 1-1-4, Ala.Code 1975.
*58 “The appellate courts of this state have already held that this statutory method [provided in § 1-1-4] for computing time applies to a number of statutory periods for filing pleadings or other documents.
“In Ex parte United States Hoffman Machinery Co., 270 Ala. 337, 341, 118 So.2d 914, 918 (1960), the Alabama Supreme Court relied upon the predecessor to § 1-1-4 in holding that, where the last day of the thirty-day period for filing a motion for new trial fell on Saturday and the office of the clerk was closed that day, the motion ‘was filed within due time when it was filed the following Monday....’
“More recently, this court has held that § 1-1-4 applies to and must be read in pan materia with the ten-day statute of limitations for filing a complaint in the circuit court claiming unemployment compensation benefits. Taylor v. Department of Industrial Relations, 409 So.2d 447 (Ala.Civ.App.1982). Thus, where the last day of the ten-day period fell on a legal holiday, the claimant was allowed to file her complaint the next day.
“We find that § 1-1-4 is equally applicable to the one-year statute of limitations for filing a workmen’s compensation complaint in the circuit court. Under the method for computing time set forth in § 1-1-4, the one-year period was extended to Monday, March 11, 1985, because Saturday, March 9, 1985, was ‘a day on which the office in which the act must be done’ (the filing of the complaint) was closed, and March 11, 1985, was the ‘next succeeding secular or working day.’ See § 1-1-4.”
Young v. Michael Dwain Mfg., Inc., 504 So.2d 287, 288-89 (Ala.Civ.App.1986). We see no reason not to read § 1-1-4 in pari materia with § 40-2A-9(g)(l)a. Therefore, because Tellabs could not have filed its appeal on the 30th day due to the offices of the circuit court being closed, its appeal, filed on the next business day, was timely.
We now address the issue of the proper venue for Tellabs’s appeal to the circuit court. Tellabs contends that § 40-2A-9(g)(l)a. governs venue of its appeal and that under that statute the Montgomery Circuit Court is the only proper venue because Tellabs is a foreign corporation that does not have a principal place of business in Alabama. Bessemer counters that § 6-3-11, Ala.Code 1975, establishes the proper venue for Tellabs’s appeal and that, under that statute, the Jefferson Circuit Court is the only proper venue because Bessemer is located in Jefferson County. Section 6-3-11 provides:
“The venue for all civil actions for damages for personal injury, death, or property damage filed against a county or against a municipality shall be in the county or in the county within which the municipality is located or in the county in which the act or omission complained of occurred.”
Bessemer contends that § 6-3-11, rather than § 40-2A-9(g)(l)a., governs based on the authority of Ex parte City of Pelham, 712 So.2d 336 (Ala.1998).
In City of Pelham, Alabama Power Company (“Alabama Power”) appealed to the Jefferson Circuit Court an assessment by the City of Pelham (“Pelham”) of a use tax against Alabama Power. Pelham filed a motion to transfer the action to the Shelby Circuit Court based on § 6-3-11, arguing that the proper venue for the appeal was the county in which the municipality — Pelham—was located. The Jefferson Circuit Court denied the motion. Pelham petitioned this Court for a writ of mandamus to direct the Jefferson Circuit Court to transfer the action to the *59 Shelby Circuit Court. This Court granted the petition, reasoning, in pertinent part, as follows:
“The sole question before us is whether the trial court erred in denying the City’s motion to transfer. The court held that the City has incorporated the ‘Uniform Revenue Procedures Act’ into its municipal tax code. Chapter 2A of Title 40, entitled the Alabama Taxpayers’ Bill of Rights and Uniform Revenue Procedures Act, §§ 40-2A-1 through -11, contains a venue provision allowing the taxpayer to appeal from any final assessment either to the Circuit Court of Montgomery County (‘or to the circuit court of the county in which the taxpayer resides or has a principal place of business in Alabama.)’ § 40-2A-7(b)(5)b. Judge Wynn concluded that because of this venue provision, Alabama Power could bring its appeal in Jefferson County.
“The City argues that the Alabama Taxpayers’ Bill of Rights and Uniform Revenue Procedures Act, by the terms of § 40-2A-2, does not apply. The Act states that the ‘legislative intent’ behind the Act was to provide procedures for taxpayers to follow when dealing with the Alabama Department of Revenue. § 40-2A-2(l). We agree that the venue provisions of the Act do not apply here.
“No provision in the Code of Alabama 1975 specifically provides for the proper venue of an appeal of a municipal use tax assessment....
“... This lawsuit is closely analogous to an action for damages against a city. We agree that under the authority of ... § 6-3-11 the proper venue is Shelby County.”
712 So.2d at 337-38 (footnote omitted).
Tellabs argues that City of Pelham no longer constitutes good authority for questions of venue in tax appeals such as this one because subsequent to the release of that decision the legislature enacted the Local Tax Simplification Act, which this Court has held made the provisions of the TBOR applicable to local taxing authorities such as Bessemer. We agree.
City of Pelham was decided March 13, 1998. The Local Tax Simplification Act was signed by the governor on March 18, 1998, and became effective July 1, 1998. This Court first held in Red Bay, decided on June 25, 2004, that the Local Tax Simplification Act made the provisions of the TBOR applicable to local taxing authorities. In so deciding, Red Bay implicitly overruled the holding in City of Pelham that “the venue provisions of the [TBOR] do not apply” to taxpayer appeals to the circuit court of decisions by local taxing authorities. City of Pelham, 712 So.2d at 337. Accordingly, the venue provisions of the TBOR do apply in this case. Therefore, under § 40-2A-9(g)(l)a., the only proper venue for Tellabs’s appeal as a foreign corporation with no principal place of business in Alabama is the Montgomery Circuit Court.
Based on the foregoing, we conclude that the Montgomery Circuit Court erred in transferring this appeal to the Jefferson Circuit Court. We grant the petition for a writ of mandamus and direct the Montgomery Circuit Court to vacate its order of November 30, 2010, transferring this appeal to the Jefferson Circuit Court.
PETITION GRANTED; WRIT ISSUED.
WOODALL, BOLIN, MURDOCK, SHAW, and MAIN, JJ., concur.

. The petition was submitted to a private, commercial entity known as Revenue Discovery Systems ("RDS”) that had contracted with the City of Bessemer to provide administrative services with respect to tax matters such as those at issue here. This case involves the application of the Alabama Taxpayers’ Bill of Rights and Uniform Revenue Procedures Act, § 40-2A-1 et seq., Ala.Code 1975, to a dispute concerning a tax levied by a municipality. No question is raised and we do not have before us any issue as to whether the applicability of that Act to such disputes, including the mechanisms or time limits pertaining to certain "filings” and other procedures contemplated by that Act, is affected by the fact that a municipality purports to act through a private entity such as RDS rather than through a department or officials or employees of the municipality itself. In fact, both parties take the position that the Act governs this case. Accordingly, for purposes of this opinion, we will treat actions taken by RDS under its contract with the City of Bessemer and related submissions by the parties to RDS to be actions and submissions of and to the City of Bessemer.

. In addition to filing a notice of appeal with the circuit court, Tellabs "filed” a notice of appeal with the mayor of Bessemer, the acting city clerk of Bessemer, and RDS.

. Judge Shashy has filed a letter brief with this Court expressing his view that "Montgomery Circuit Court is the only proper venue for Tellabs's appeal of its tax refund denial by the City of Bessemer” and that therefore "it would be appropriate for the Supreme Court to issue the writ and that the Order of November 30, 2010, transferring [the appeal] to Jefferson County should be vacated.”

. See Ex parte Tuscaloosa Cnty. Special Tax Bd., 963 So.2d 610, 612 n. 1 (Ala.2007) ("To be sure, the TBOR defines 'the department’ as the ‘Alabama Department of Revenue.’ § 40-2A-3(7)[, Ala.Code 1975]. However, the [Tuscaloosa County Special Tax] Board concedes that the TBOR is applicable — and available— as a vehicle ‘to dispute Fayette County’s re *57 fund denial.’ ... Thus, for purposes of this mandamus proceeding, we will assume that the TBOR affords a mechanism through which to challenge Fayette County’s refusal to refund use taxes alleged to have been erroneously paid.”).

. As previously noted, in addition to filing a notice of appeal with the circuit court, Tellabs "filed” a notice of appeal with the mayor of Bessemer, the acting city clerk of Bessemer, and RDS. See supra note 2.